# STATE OF MICHIGAN

# COURT OF APPEALS

KAREN L. STRENG,

Plaintiff-Appellee,

v

BOARD OF MACKINAC COUNTY ROAD
COMMISSIONERS,

Defendant-Appellant.

FOR PUBLICATION
May 24, 2016
9:20 a.m.

No. 323226
Mackinac Circuit Court
LC No. 2013-007445-NI

Before: SAAD, P.J., and STEPHENS and O'BRIEN, JJ.

STEPHENS, J.

Defendant appeals as of right the circuit court order denying defendant's motion for summary disposition, which was premised on governmental immunity and insufficiency of plaintiff's notice of intent to sue. We affirm.

## I. BACKGROUND

On July 8, 2011, plaintiff was injured in a motorcycle accident when she lost control of her motorcycle due to tar-like crack fill on Highway 33 about a mile north of the intersection with Camp A Road. On September 2, 2011, plaintiff sent a document titled, "MCL 224.21 NOTICE OF INTENT TO PURSUE CLAIM," to the chair of the Mackinac County Board of Road Commissioners and the Clerk for the County of Mackinac, that set forth that plaintiff was heading north toward Curtis, Michigan, which described the location of the accident as "Highway 33 near the intersection of Camp A Road in Mackinac County, Michigan," that "Rick and Sue Fowler . . . have a vacation home adjacent to the crash site." Attached to the notice was a copy of a police report, which described the location as being 1,000 feet north of the intersection of Camp A Road and Highway 33 and included a rough sketch of the accident scene.

The officer who wrote up the report contacted defendant's west-district foreman through central dispatch and noted on the police report, "Road commission was notified of the potential hazard." The foreman met the officer at the scene and was able to identify where the accident had occurred by the skid marks. The foreman noted that the accident occurred at a curve in the road and that the rest of that road did not have a curve like that one. When the officer insisted that something be done about the curve, the foreman called his supervisor, defendant's engineer/manager, and they decided to apply Dura-Patch to accommodate the officer's request. During the week after the accident, the foreman and the engineer/manager (who testified that he

-1-

is defendant's chief administrative officer, chief executive officer, and point of contact for the public and the township) met at the site to see that the application of Dura-Patch had been completed.

Plaintiff filed a complaint against defendant Mackinac County Board of Road Commissioners on July 1, 2013. She claimed injury to her shoulder and knee, and damage to several teeth. Plaintiff's alleged damages included medical expenses, wage loss and loss of earning capacity; "great mental anguish; fright and shock; pain and suffering; embarrassment; humiliation; loss of mobility and disability; the need for replacement services; and . . . the loss of the joys and pleasure and the vitalities of life."

After discovery was closed, defendant moved for summary disposition, arguing that plaintiff's notice of intent failed to identify the exact location of the accident, as required by the notice provision of MCL 691.1404(1), and that it could not be held liable for any damages that did not constitute bodily injury or property damage. Defendant provided the affidavit of a road commission employee who stated he had measured the exact location of the accident, and it was 5,647 feet (1.07 miles) north of the intersection of Camp A Road and Highway 33. There is no dispute that this was, in fact, the precise location of the accident. Plaintiff responded by arguing that the applicable notice provision was that of MCL 224.21(3), which requires that the notice only "set forth substantially the time when and place where the injury took place." She asserted that under either statute the notice was sufficient because the police report included a sketch showing the curve, and both defendant's engineer and its manager went to the scene to inspect the conditions and the subsequent repair. From these events, plaintiff argued that defendant had actual notice of the location well before the notice of intent was sent. Plaintiff also countered defendant's attempt to limit her recoverable damages, asserting that her physical injury meant she was entitled to recover whatever tort damages arose therefrom.

At the hearing on the motion, the trial court admitted, "I'm having a hard time getting away from the prejudice aspect to the County." In its written opinion, the trial court agreed with plaintiff on all points, holding that "the language contained in Sec. 224.21 is controlling under these facts," and that the notice would satisfy either statute because the location "was sufficiently stated with the additional circumstances surrounding the events development." Defendant's argument that the notice was not sufficient, despite it having actual notice of the exact location, were "form over substance" that the court found without merit. The court also found that plaintiff was not precluded from claiming damages beyond bodily injury and property damage, "based on Plaintiff's arguments and the elements of damages listed in M. Civ. JI 50.01 and the Supreme Court's ruling in *Hagerty ex rel Hagerty-Kraemer v Board of Manistee County Road Commissioners*, 493 Mich 933 (2013)." Thus, the court denied defendant's motion, and this appeal followed.

## II. THE GOVERNING NOTICE PROVISION

As a preliminary matter, we must resolve the conflict as to which notice provision governs the facts and resolution of the notice issues in this case, MCL 691.1404 under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, or MCL 224.21 under the highway code, MCL 220.1 *et seq.*

The GTLA grants immunity from tort liability "if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). The act enumerates several exceptions to governmental immunity that permit a plaintiff to pursue a claim against a governmental agency. Relevant here is the defective highway exception, MCL 691.1402. See, e.g., *Rowland v Washtenaw Co Rd Com'n*, 477 Mich 197, 202-203; 731 NW2d 41 (2007). At the time of the accident,[1] the statute controlling the liability of a governmental agency for defects in highways declared, in relevant part:

> Except as otherwise provided in section 2a, each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. The liability, procedure, and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21 of chapter IV of 1909 PA 283, MCL 224.21. The duty of the state and the county road commissions to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel. . . . [MCL 691.1402(1).]

The GTLA also includes the following notice provision:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

> (2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency . . . . [MCL 691.1404.]

MCL 224.21, the statute expressly referenced in MCL 691.1402(1), addresses county roads and road commissions and provides in relevant part:

> (2) A county shall keep in reasonable repair, so that they are reasonably safe and convenient for public travel, all county roads, bridges, and culverts that are within the county's jurisdiction, are under its care and control, and are open to public travel. The provisions of law respecting the liability of townships, cities,

---

[1] MCL 691.1402 was amended by 2012 PA 50, effective March 13, 2012.

villages, and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control apply to counties adopting the county road system. . . .

(3) An action arising under subsection (2) shall be brought against the board of county road commissioners of the county and service shall be made upon the clerk and upon the chairperson of the board. The board shall be named in the process as the "board of county road commissioners of the county of ........................". Any judgment obtained against the board of county road commissioners in the action shall be audited and paid from the county road fund as are other claims against the board of county road commissioners. However, a board of county road commissioners is not liable for damages to person or property sustained by a person upon a county road because of a defective county road, bridge, or culvert under the jurisdiction of the board of county road commissioners, unless the person serves or causes to be served within 60 days after the occurrence of the injury a notice in writing upon the clerk and upon the chairperson of the board of county road commissioners. The notice shall set forth substantially the time when and place where the injury took place, the manner in which it occurred, the known extent of the injury, the names of any witnesses to the accident, and that the person receiving the injury intends to hold the county liable for damages. This section applies to all county roads whether they become county roads under this chapter or under Act No. 59 of the Public Acts of 1915, being sections 247.418 to 247.481 of the Michigan compiled laws.

There are several potential conflicts between the notice provisions of the GTLA and those of MCL 224.21. For example, the latter gives the plaintiff only 60 days to serve notice, while the former gives 120 days.[2] In *Brown v Manistee Co Rd Com'n*, the Michigan Supreme Court was "unable to perceive a rational basis" why "an injured person with a negligent highway cause of action against a 'political subdivision' must comply with the 120-day notice provision in [MCL 691.1404], whereas a person with an identical cause of action against a county road commission must comply with the sixty-day notice provision in [MCL 224.21]." 452 Mich 354, 363; 550 NW2d 215 (1996). Accordingly, the Court held that the 60-day provision was unconstitutional, and applied the 120-day period from the GTLA, but held that the defendant had not been prejudiced by the lack of notice so summary disposition was not properly granted. *Id*. at 363-364, 368-369.

---

[2] As an aside, neither party disputes that plaintiff's notice of intent was timely. The accident in this case is said to have occurred on July 8, 2011, and notice of intent was provided on September 2, 2011, 56 days later. Plaintiff's notice would be considered timely under either the GTLA, affording 120 days, or MCL 224.21, providing for 60 days. The parties' arguments are more centered on the sufficiency of notice and service which compels the determination of which statute, the GTLA or MCL 224.21, governs.

Later, in *Rowland*, the Supreme Court traced the history of governmental immunity and found that, until 1970, it was well established that the defendant did not need to show it was actually prejudiced by an untimely notice. 477 Mich at 206. However, the Court noted a line of cases—starting with *Grubaugh v City of St Johns*, 384 Mich 165; 180 NW2d 778 (1970), and culminating in *Hobbs v Dep't of State Hwys*, 398 Mich 90, 96; 247 NW2d 754 (1976) and *Brown*, 452 Mich at 356-357, in which the court found the Legislature's enactment of laws treating governmental tortfeasors differently from private tortfeasors unconstitutional. Those same cases engrafted onto the GTLA the requirement that the governmental defendant show it suffered actual prejudice from an untimely notice in order to enjoy immunity. *Id*. at 206-209. Ultimately, the *Rowland* Court overruled *Hobbs* and *Brown*:

> The simple fact is that *Hobbs* and *Brown* were wrong because they were built on an argument that governmental immunity notice statutes are unconstitutional or at least sometimes unconstitutional if the government was not prejudiced. This reasoning has no claim to being defensible constitutional theory and is not rescued by musings to the effect that the justices " 'look askance' " at devices such as notice requirements or the pronouncement that other reasons that could supply a rational basis were not to be considered because in the Court's eyes the "only legitimate purpose" of the notice provisions was to protect from "actual prejudice." [*Id*. at 210 (citations omitted).]

In conclusion, *Rowland* repudiated the entirety of the rulings in *Hobbs* and *Brown* stating, "Nothing can be saved from *Hobbs* and *Brown* because the analysis they employ is deeply flawed." *Id*. at 214. The Court stated that its decision "will return our law to that which existed before *Hobbs* and which was mandated by MCL 691.1404(1)" and that the "controlling legal authority" was MCL 691.1404(1). *Id*. at 221, 222.

The Court made no mention of MCL 224.21, nor did it discuss *Brown*'s reasoning regarding the notice period. Both *Brown* and *Hobbs* (in the latter, the defendant was a state department), applied the GTLA's notice period, and *Rowland* expressed neither approval nor disapproval regarding that choice but simply focused on MCL 691.1404's lack of statutory language allowing exceptions to the time limit.

Other than *Brown*, no precedential case has substantively considered the potential conflicts between the highway code and the GTLA. It appears that "the sixty-day notice provision [of MCL 224.21] has not been applied in any reported cases involving county road commissions since [MCL 691.1404] was amended in 1970." *Brown*, 204 Mich App at 579 (NEFF, P.J, dissenting).[3] Instead, both the Supreme and appellate Courts have regularly applied

---

[3] The 60-day limit of the former MCL 691.1404 was last enforced in *Reich v State Hwy Dep't*, 17 Mich App 619, 621; 170 NW2d 267 (1969), in which this Court found the provision constitutional, despite its potentially "harsh results." On August 1, 1970, the Legislature passed 1970 PA 155, with immediate effect, which changed the time limit in the GTLA to 120 days but did not amend MCL 224.21. The Michigan Supreme Court granted leave to appeal in the *Reich* consolidated cases and concluded that the former GTLA's 60-day limit violated equal protection

the GTLA without consulting MCL 224.21 in cases involving the highway exception to governmental immunity and county road commissions.[4]

In addition to the notice period, there are other inconsistencies in the language of the two statutes that have not been addressed by precedent. The GTLA allows service on "any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency," without expressly requiring "notice in writing," MCL 691.1404(2), while the highway code requires that notice be served "in writing upon the clerk and upon the chairperson of the board of county road commissioners," MCL 224.21(3). Expressly at issue in this case, the GTLA requires the notice to "specify the *exact location* and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant," MCL 691.1404(1) (emphasis added), while the highway code requires the notice to "set forth *substantially the time when and place where* the injury took place, the manner in which it occurred, the known extent of the injury, the names of any witnesses to the accident, and that the person receiving the injury intends to hold the county liable for damages," MCL 224.21(3) (emphasis added).

"[W]here there is an apparent conflict between two statutes, a fundamental rule of statutory construction requires that the specific statute control over the general and that the specific statute be viewed as an exception to the general rule." *Matter of Estate of Johnson*, 152 Mich App 200, 205; 394 NW2d 136 (1986). We are also required however, to harmonize the two statutes whenever possible. "Statutes that address the same subject or share a common

---

rights by arbitrarily treating governmental tortfeasors different from private tortfeasors. *Reich v State Hwy Dep't*, 386 Mich 617, 623; 194 NW2d 700 (1972) (*Reich II*). Shortly thereafter, this Court applied *Reich II* to the 60-day provision of MCL 224.21 and concluded that it, too, was unconstitutional and therefore void. *Crook v Patterson*, 42 Mich App 241, 242; 201 NW2d 676 (1972) (lv not sought). *Reich II*, however, was abrogated by *Rowland*, 477 Mich at 206-207, 222, which called the decision "simply incorrect" and "an anomaly."

[4] Those unpublished cases applying MCL 691.1404's notice provision to county road commissions include: *Whitmore v Charlevoix Co Rd Comm*, unpublished opinion per curiam of the Court of Appeals, issued October 7, 2010 (Docket Nos. 289672, 291421), p 3, rev'd in part on other grounds 490 Mich 964, 965 (2011) (defendant did not challenge the timeliness of the notice); *Ells v Eaton Co Rd Comm*, unpublished opinion per curiam of the Court of Appeals, issued October 5, 2007 (Docket No. 264635), p 3, rev'd 480 Mich 902, 903 (2007) (defendant's manager was at the scene of the crash the same day but plaintiff's total failure to provide notice as required by MCL 691.1404 required reversal under *Rowland*).

Reported cases discussing the duty imposed on counties as arising under MCL 691.1402 include: *Hanson v Mecosta Co Bd of Rd Comm'rs*, 465 Mich 492; 638 NW2d 396 (2002); *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143; 615 NW2d 702 (2000); *Sebring v City of Berkley*, 247 Mich App 666; 637 NW2d 552 (2001) (Oakland County Road Commission was codefendant); *Taylor v Lenawee Co Bd of Rd Comm'rs*, 216 Mich App 435; 549 NW2d 80 (1996); *Reese v Wayne Co*, 193 Mich App 215; 483 NW2d 671 (1992); and *Zyskowski v Habelmann*, 169 Mich App 98; 425 NW2d 711 (1988).

purpose are *in pari materia* and must be read together as a whole." *People v Harper*, 479 Mich 599, 621; 739 NW2d 523 (2007).

In accord with this reasoning, in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 596; 363 NW2d 641 (1984), the Court explained its approach when interpreting the GTLA: "In resolving the questions presented by this [governmental immunity] act, our goal has been to create a cohesive, uniform, and workable set of rules which will readily define the injured party's rights and the governmental agency's liability." Having two sets of rules that vary depending on the type of agency being sued is contrary to this goal of uniformity. Moreover and importantly, a dual-system of interpretation fails to consider the effect of the second sentence of MCL 224.21(2): "The provisions of law respecting the liability of townships, cities, villages, and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control apply to counties adopting the county road system." This in effect sends the reader back to the GTLA, since those provisions are the ones that deal with the liability of townships, cities, villages, and municipal corporations.

The language of MCL 224.21(2), when read closely, dictates that only the GTLA's provisions of law that deal with "liability" apply to counties and that under MCL 691.1402(1), procedural and remedial provisions should be those of MCL 224.21. The GTLA expressly directs a person injured on a county road to proceed in accordance with MCL 224.21 ("The liability, procedure, and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in . . . MCL 224.21," MCL 691.1402(1)). While the GTLA is a statute of general governmental immunity, MCL 224.21 is the specific statute in regards to claims of liability against county road commissioners for accidents that occur on county roads. Despite multiple legislative amendments to the GTLA and the highway code, the notice provisions of MCL 224.21 remain in effect and have not been substantively changed. To follow the procedural requirements of the GTLA rather than those of MCL 224.21—particularly in light of the fact that the GTLA expressly points in the direction of the latter—would render the specific terms of MCL 224.21 nugatory, something we avoid, whenever possible. *Robinson*, 486 Mich at 21.

In sum, courts appear to have been overlooking the time limit, substantive requirements, and service procedures applicable to notice under MCL 224.21(3) when the responsible body is a county road commission. Nothing in either the GTLA or the highway code indicate that the Legislature intended that result. Despite the precedent of applying the GTLA to the exclusion of MCL 224.21, the procedures and remedies provided by MCL 224.21 are what apply to county road commissions, and if the Legislature wants the laws to be more uniform, it has the power to make the changes necessary.

## 1. SUFFICIENCY OF THE NOTICE

Under MCL 224.21(3), the written notice need only "set forth substantially the time when and place where the injury took place." Substantial compliance with a notice provision "is based on the theory that the inexpert layman with a valid claim should not be penalized for some technical defect." *Meredith v City of Melvindale*, 381 Mich 572, 579; 165 NW3d 7 (1969). " '[A] notice of injury and defect will not be regarded as insufficient because of a failure to comply literally with all the stated criteria. Substantial compliance will suffice.' " *Plunkett*, 286

Mich App at 178, quoting *Hussey v City of Muskegon Hts*, 36 Mich App 264, 269; 193 NW2d 421 (1971).

In *Pearll v Bay City*, 174 Mich 643, 648-649; 140 NW 938 (1913), the notice gave the wrong name of the street; however, the facts showed that the street was generally known by that name and bore a signpost with that name. The Court held that the notice substantially complied with the city charter's requirement, which was worded identically to the relevant part of MCL 224.21 (albeit with a 30-day limit): "setting forth substantially the time when, and place where, the injury occurred." *Id*. at 646. The Court stated that the purpose of the provision was to provide notice to the authorities "that a claim for damages is made, and advise them of the time, place, nature, and result of the alleged accident and a sufficient statement of the main facts, together with names of witnesses, to direct them to the sources of information that they may conveniently make an investigation." *Id*. at 647.

Similarly, here, the description plaintiff provided was sufficient to put defendant on notice of the claim and to investigate possible sources of further information from witnesses. The written notice, including the text of the police report, placed the location about a mile south of where the accident actually occurred. However, the drawing in the police report showed the accident occurred on the curve of the road and defendant's own foreman testified that there was no other curve on the highway. "[T]o be legally sufficient, a notice must contain a description of the place of the accident so definite as to enable the interested parties to identify it from the notice itself." *Overton v Detroit*, 339 Mich 650, 657; 64 NW2d 572 (1954), quoting *Barribeau v City of Detroit*, 147 Mich 119, 125; 110 NW 512 (1907) (emphasis added). In this case, there is no evidence that the "interested parties" were unable to identify the location from the notice that was provided. The written and drawn descriptions render the notice sufficient under MCL 224.21 to put defendant on notice and to permit defendant to fully investigate the accident.

## 2. SUFFICIENCY OF THE SERVICE

MCL 224.21 directs that "service [of an action] shall be made upon the clerk and upon the chairperson of the board" and "notice in writing [served] upon the clerk and upon the chairperson of the board of county road commissioners." MCL 224.21(3). Defendant asserts that the modifier "of the board of county road commissioners" applies to both "the clerk" and "the chairperson," while plaintiff asserts that "the clerk" means the county clerk.

Under the "last antecedent" rule of statutory construction, "a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent, unless something in the statute requires a different interpretation." *Stanton v City of Battle Creek*, 466 Mich 611, 616; 647 NW2d 508 (2002). Because "the clerk" in other sections of the act is used to refer to the county clerk (see, e.g., MCL 224.2, expressly referring to "the county clerk," followed by MCL 224.3, "said clerk," and MCL 224.6(2) and MCL 224.7, "the clerk"), we conclude that "the clerk" refers to the county clerk in MCL 224.21 as well.

The statute's legislative history also supports this conclusion. Originally, the statute allowed service of a complaint on "the chairman of the board of supervisors or the county clerk" and had no notice requirement. 1909 PA 283. This was amended by 1919 PA 388, which added the requirement of notice served within 60 days "upon the county clerk or deputy county clerk."

The Legislature then amended both the service of the complaint and the service of notice provisions; service of the action was on "a member of the board of county road commissioners of the county and upon the clerk of the board," and service of notice of intent was on "a member of such board of county road commissioners and the clerk and upon the chairman of the board of county road commissioners of such board." 1951 PA 234. In 1954, the language was simplified and made consistent so that both service-related provisions referred to service "upon the clerk and upon the chairman of the board." 1954 PA 12. This was updated to the gender-neutral "chairperson" by 1996 PA 23. Thus, the statute at one time specified "the clerk of the board," but the Legislature changed it to read "the clerk." "[I]n construing an amendment to a statute, it is presumed that a change in phraseology implies that a change in meaning was also intended." *Greek v Bassett*, 112 Mich App 556, 562; 316 NW2d 489 (1982), citing *Lawrence Baking Co v Unemployment Compensation Comm*, 308 Mich 198, 205; 13 NW2d 260 (1944), cert den 323 US 738 (1944), and *Michigan Transp Co v Secretary of State*, 41 Mich App 654, 665; 201 NW2d 83 (1972), lv den 389 Mich 767 (1973). The Legislature's change therefore supports an interpretation that "the clerk" means the county clerk. Accordingly, the phrase "the clerk" would not be modified by "of the board of county road commissioners."

Regardless, defendant was properly served. In this case, plaintiff served her notice of intent on both the chairperson of the county board of road commissioners and the county clerk.

## III. DAMAGES

Appellant also argues that the plain language of MCL 691.1402 does not permit a claimant to recover damages for anything beyond bodily injury or damage to property. We disagree. Our Supreme Court's decision in *Hannay v Dept of Transp*, 497 Mich 45; 860 NW2d 67 (2014,) compels a conclusion in favor of plaintiff. Extending the reasoning of *Hannay* to the highway exception is a question of first impression.

This issue presents a question of statutory interpretation, which the Court reviews de novo. *Hannay*, 497 Mich at 57.

Consolidating the two cases *Hannay* and *Hunter*[5] on appeal, the Michigan Supreme Court held that the phrase "liable for bodily injury" in MCL 691.1405 "means legally responsible *for damages flowing from* a physical or corporeal injury to the body." *Hannay*, 497 Mich at 64. The Court explained that " 'bodily injury' is simply the category of harm (i.e., the type of injury) for which the government waives immunity under MCL 691.1405 and, thus, for which damages that naturally flow are compensable." *Id*. The Court explained that such damages include noneconomic damages, noting:

> It is a longstanding principle in this state's jurisprudence that tort damages generally include damages for all the legal and natural consequences of the injury (i.e., the damages that naturally flow from the injury), which may include

---

[5] *Hunter v Sisco*, 497 Mich 45; 860 NW2d 67 (2014).

damages for loss of the ability to work and earn money, as well as pain and suffering and mental and emotional distress damages. [*Id*. at 65.]

The Court emphasized that " 'damages' and 'injury' are not one and the same—damages *flow from* the injury." *Id*. at 64. Under this analysis, a person suffering an injury because of an improperly maintained highway may recover the damages naturally flowing from that injury.

However, defendant argues that *Hannay* is limited to the motor vehicle exception, and that the rhetorical differences between the two statutes preclude extending *Hannay*'s holding to the highway exception. The text of *Hannay* itself instructs otherwise. The *Hannay* Court found applicable the analysis employed in *In re Bradley Estate*, 494 Mich 367; 835 NW2d 545 (2013), which did not involve the motor vehicle exception, where it had interpreted the phrase "tort liability" found in "the GTLA's broad grant of immunity, MCL 691.1407(1)." *Hannay*, 497 Mich at 60-62.

[O]ur interpretation of "tort liability" in MCL 691.1407(1) informs how to interpret the phrase "liable for" in the motor vehicle exception. We see no reason why this Court's prior analysis of the word "liability," which stems from the word "liable," should not likewise apply in this case, particularly given that the phrases "tort liability" and "liable for" are contained within the same statute—the GTLA. [*Id*. at 61-62, citing *Robinson v Lansing*, 486 Mich 1, 17; 782 NW2d 171 (2010) ("[U]nless the Legislature indicates otherwise, when it repeatedly uses the same phrase in a statute, that phrase should be given the same meaning throughout the statute.").]

In this case, the wording of the two statutory exceptions is substantially similar. Because the statutes of the GTLA should be read with consistency where possible, it seems sensible to conclude that the reasoning set forth in *Hannay* should be applied to MCL 691.1402. See *Robinson*, 486 Mich at 17.

The essential language of the highway exception reads, "A person who sustains bodily injury or damage to his or her property . . . may recover the damages suffered by him or her from the governmental agency." MCL 691.1402(1). In comparison, the motor vehicle exception, MCL 691.1405, reads, "Governmental agencies shall be liable for bodily injury and property damage . . . ." Under either statute, damages must arise from bodily injury. The specificity of MCL 691.1402(1) that the person may "recover the damages suffered," is clearer than the motor vehicle exception in permitting a plaintiff to "recover the damages" flowing from the "bodily injury or damage to his or her property." The trial court correctly concluded that plaintiff's damages should not be limited in the way defendant favored, albeit for the wrong reasons. *Mulholland v DEC Int'l Corp*, 432 Mich 395, 411 n 10; 443 NW2d 340 (1989). Plaintiff is entitled to all damages naturally flowing from her injury.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Henry William Saad
/s/ Colleen A. O'Brien