*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM UHLS,

       Plaintiff-Appellant,

v

DEPARTMENT OF TRANSPORTATION,

       Defendant-Appellee.

UNPUBLISHED
May 14, 2019

No. 343901
Court of Claims
LC No. 16-000142-MD

Before: SWARTZLE, P.J., and M. J. KELLY and TUKEL, JJ.

PER CURIAM.

Plaintiff, William Uhls, appeals as of right the Court of Claims order granting summary disposition in favor of defendant, the Department of Transportation. We affirm for the reasons stated in this opinion.

## I. BASIC FACTS

On July 15, 2015, Uhls crashed his motorcycle while driving westbound on I-94. At the scene, Uhls told the responding police officer that he was changing lanes to avoid potholes when he lost control of the motorcycle and crashed. Uhls was injured as a result of the accident. On October 28, 2015, Uhls, through his lawyer, filed an amended notice of claim under MCL 691.1402. With regard to the location of the crash, Uhls asserted:

> This incident occurred on Westbound I-94 freeway, *under the Cass Street overhead bridge overpass.* Specifically, the defect can be located measuring from the most northwest concrete column of said overhead bridge, going 12 feet 7 inches south and 13 feet 6 inches east. The hole is approximately 4 inches deep and 20 inches wide. **See enclosed photographs and diagram**.

> In other words, under the overhead bridge for Cass Street, on the westbound I-94 Freeway, in the first right travel lane from right shoulder utilizing the most north concrete North West bridge support column as a reference point: 13'6" feet east and 12'7" south from concrete wall on right shoulder. The hole is

approximately 4 inches deep and 20 inches wide. **See enclosed photographs and diagram.** [Emphasis added.]

As stated in the notice, Uhls attached photographs and a diagram purporting to show the defect causing his injury, i.e., a pothole under the Cass Street overpass bridge.

On June 24, 2016, Uhls filed a complaint against the Department of Transportation. Following discovery, the Department moved for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(10). The Department argued that summary disposition was warranted because Uhls's notice of intent did not provide the exact location of the defect that caused the accident and because he was unable to prove that a road defect caused his injuries. Uhls did not file a response to the motion for summary disposition.[1] Accordingly, the Court of Claims entered an order granting the Department's motion "as unopposed pursuant to MCR 2.119(C)(3)." The Court of Claims did not make any ruling on the merits of the Department's motion for summary disposition.

## II. SUMMARY DISPOSITION

Uhls argues that the trial court erred by granting summary disposition "as unopposed pursuant to MCR 2.119(C)(3)" without reviewing the merits of the Department's motion for summary disposition. We agree.

We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). A party moving for summary disposition under MCR 2.116(C)(10) must support the motion with enough detail that the opposing party is on notice of the need to respond. *Id.*; see also MCR 2.116(G)(4) (stating that the moving party must "specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact"). The motion must be supported "with affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted." *Barnard Mfg*, 285 Mich App at 369; MCR 2.116(G)(3). A properly supported motion for summary disposition shifts the burden to the opposing party to establish that a genuine issue of disputed fact exists. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). However, "[i]f the moving party fails to properly support its motion for summary disposition, the nonmoving party has no duty to respond and the trial court should deny the motion." *Barnard Mfg*, 285 Mich App at 370.

In addition, MCR 2.116(G)(4) provides:

A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this

---

[1] In a motion for reconsideration, Uhls's lawyer asserted that "[d]ue to a calendaring error, the date for the response did not get logged, and this court granted Defendant's motion for summary disposition."

-2-

rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.* [Emphasis added.]

As is made clear by the last sentence in MCR 2.116(G)(4), even if the nonmoving party fails to properly respond to a properly supported motion for summary disposition, a judgment may only be entered against the nonmoving party *if appropriate*. In other words, if the moving party does not present evidence sufficient to establish that entry of summary disposition is proper, then it would not be "appropriate" to dismiss the claim notwithstanding the nonmoving party's failure to respond to the motion for summary disposition. Because the court was required to evaluate the merits of the Department's motion, notwithstanding Uhls's failure to file a response to that motion, we conclude that the trial court erred by granting summary disposition solely on the basis that the Department's motion was "unopposed."

Despite the Court of Claims' error, it is well-established that this Court will uphold a lower court's ruling if the court rendered the right result, albeit for the wrong reason. *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003). Accordingly, we must consider whether the Department's unopposed motion for summary disposition established that summary disposition was appropriate in this case.

In its motion, the Department argued that summary disposition under MCR 2.116(C)(7) was appropriate because Uhls had violated MCL 691.1404 by failing to notify the Department of the exact location of the defect. The Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq.*, generally provides immunity from tort liability to governmental agencies if the agency "is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). But the GTLA provides several exceptions to governmental immunity, one of which is the defective highway exception, MCL 691.1402. *Streng v Bd of Mackinac Co Rd Comm'rs*, 315 Mich App 449, 455; 890 NW2d 680 (2016). To file a claim against the government for injuries caused by a highway defect, a notice of intent must be filed in compliance with MCL 691.1404. Relevant to this case, MCL 691.1404(1) requires that the notice of intent "shall specify the exact location and the nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant."

The main purpose of a notice of intent is "to provide the governmental agency with an opportunity to investigate the claim while the evidentiary trail is still fresh and, additionally, to remedy the defect before other persons are injured." *Burise v City of Pontiac*, 282 Mich App 646, 652; 766 NW2d 311 (2009) (quotation marks, citation, and brackets omitted). "Although under some circumstances this Court will conclude that a notice is sufficient despite a technical defect, the plaintiff must at least 'adequately' provide the required information." *McLean v City of Dearborn*, 302 Mich App 68, 75; 836 NW2d 916 (2013) (citation omitted). "Failure to provide adequate notice under this statute is fatal to a plaintiff's claim against a government agency." *Id.* at 74.

Uhls's notice of intent identified the defect causing his crash as a pothole located under the Cass Street overpass bridge, and he provided photographs, a diagram, and detailed measurements to show the pothole's exact location. In its motion for summary disposition the Department concedes that Uhls identified *a* defect in his notice, but argues that based on the other evidence in the record, it had established that Uhls had not identified *the* defect alleged to have caused the crash. In support, the Department attached deposition testimony from the officer who responded to the scene, deposition testimony from Uhls, and a copy of the police report prepared by the officer after he responded to the crash scene.

On appeal, Uhls asserts that the officer's testimony and the police report should not be considered because both are inadmissible. Under MCR 2.116(G)(6), "[a]ffidavits, depositions, admissions, and other documentary evidence offered in support of or in opposition to a motion based on subrule (C)(1)—(7) or (10) shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion." Uhls suggests that the officer's testimony is inadmissible because the officer testified that he did not see the accident, did not interview any witnesses, did not take any photographs of the scene, did not perform any measurements, and is not an accident reconstructionist. Yet, the officer's testimony is replete with statements indicating that his opinion testimony with regard to the location where the crash occurred was based on of his personal observations of the crash scene and his discussion with Uhls after the accident. See MRE 701 (allowing lay opinion testimony if the witness's opinion testimony is "rationally based on the perception of the witness" and "helpful to a clear understanding of the witness' testimony or a determination of a fact in issue."). Further, as the officer who wrote the police report, he could testify regarding the content and substance of the report. Accordingly, we reject Uhls's contention that the police report and the officer's testimony is inadmissible and should not be considered.

The officer testified that when he arrived at the scene, Uhls's motorcycle was under the Cass bridge, in the right lane, with one wheel protruding into the middle lane. He recounted that Uhls told him that before the crash he was changing lanes to avoid potholes and lost control of his motorcycle. The officer explained that he did not think that a pothole directly caused Uhls to crash because hitting a pothole while driving "45 miles per hour, the speed limit, or whatever it is" would damage the motorcycle's tire and he did not observe any damage to the front tire of Uhls's motorcycle. He added that Uhls did not tell him that he hit a pothole, only that he was swerving to avoid potholes.

The officer also testified that he observed "scrapes on the cement from where the crash started" leading to where it "came to rest." He explained that although he did not measure the distance from the start of the scrapes to the end, he estimated that it was approximately 50 feet. The officer added that, although the exact distance was a "rough estimate," Uhls "definitely" fell "east of the bridge" and "then slid underneath the Cass Avenue bridge." He also testified that "if [Uhls] hit a pothole it would have been before the bridge because he ended up underneath the Cass bridge."

The Department also relied on Uhls's deposition testimony. Although Uhls consistently testified that he hit a pothole and "flipped" his motorcycle, thereby sustaining injuries, he was wholly unable to identify the location of the pothole. He testified that he did not know if he went under the Cass Avenue overpass, and he added, "I don't remember a bridge," before noting that

-4-

he did not think the photographs shown by the Department's lawyer were correct.[2] Uhls thought that the crash "had to be 200 yards" from the Brush exit, but he did not know if that exit was near the Cass bridge. When asked if he could "generally" identify where the pothole he hit was located, he stated, "No, I don't know," and then repeated that he did not know where the pothole was "by these pictures." Uhls clarified that generally speaking he could not say where the pothole was in relation to the Cass Avenue overpass because he "didn't notice that." Uhls does identify a pothole in "Exhibit 5" as the pothole that he hit; however, when asked to identify where that pothole was located, he stated "I can't really tell." Further, the record before the trial court did not include "Exhibit 5" so even viewing his testimony in the light most favorable to him, we cannot infer that exhibit 5 showed a pothole under the Cass Avenue overpass bridge.

In sum, viewing all evidence in the light most favorable to Uhls, there is no evidence that the crash occurred under the bridge, which is the location specified in the notice of intent. Instead, the officer testified that that the crash occurred before the bridge, as demonstrated by the scrapes on the road from where the crash occurred to where the motorcycle came to rest. And Uhls's testimony makes plain that he did not know where the crash occurred in relation to the bridge, and he made it clear that he does not even recall the bridge. Accordingly, because the uncontested facts show that the accident occurred before the bridge, the notice of intent identifying the location of the defect as being under the bridge is insufficient to satisfy MCL 691.1404(1) because it does not identify the "exact location" of the defect. And, as the failure to provide adequate notice under the statute is "fatal to a plaintiff's claim against a government agency," *McLean*, 302 Mich App at 74, we conclude that the trial court did not err by granting summary disposition.[3]

Affirmed. No taxable costs shall be awarded. MCR 7.219(A).

/s/ Brock A. Swartzle
/s/ Michael J. Kelly
/s/ Jonathan Tukel

---

[2] On the basis of the records submitted, it is unclear what the photographs shown to Uhls depicted.

[3] Given our resolution, we need not address the remaining issues raised on appeal.