# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 24, 2020

158069

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

LYNN PEARCE, Personal Representative of the
Estate of BRENDON PEARCE, Deceased,
          Plaintiff-Appellant,

v

EATON COUNTY ROAD COMMISSION,
          Defendant-Appellee,

and

LAWRENCE BENTON, Personal Representative
of the Estate of MELISSA SUE MUSSER,
Deceased, and PATRICIA JANE MUSSER,
          Defendants.

_____/

SC: 158069
COA: 338990
Eaton CC: 16-000029-NI

By order of December 4, 2018, the application for leave to appeal the June 7, 2018 judgment of the Court of Appeals was held in abeyance pending the decision in *W A Foote Mem Hosp v Mich Assigned Claims Plan* (Docket No. 156622). On order of the Court, the case having been decided on October 25, 2019, 504 Mich 985 (2019), the application is again considered, and it is GRANTED. The parties shall address: (1) whether *Streng v Bd of Mackinac Co Rd Comm'rs*, 315 Mich App 449 (2016), lv den 500 Mich 919 (2016), was correctly decided, and if so (2) whether *Streng* "clearly established a new principle of law" and thereby satisfied the threshold question for retroactivity set forth in *Pohutski v City of Allen Park*, 465 Mich 675, 696 (2002), compare *Pohutski*, 465 Mich at 696-697 (citations omitted) ("Although this opinion gives effect to the intent of the Legislature that may be reasonably be inferred from the text of the governing statutory provisions, practically speaking our holding is akin to the announcement of a new rule of law, given the erroneous interpretations set forth in [*Hadfield v Oakland Co Drain Comm'r*, 430 Mich 139 (1988) and [*Li v Feldt (After Remand)*, 434 Mich 585 (1990)].") with *Wayne Co v Hathcock*, 471 Mich 445, 484 (2004) ("Our decision today [overruling *Poletown Neighborhood Council v Detroit*, 410 Mich 616 (1981)] does not announce a new rule of law, but rather returns our law to that which existed before *Poletown* and which has been mandated by our Constitution since it took effect in 1963."). See also *Chevron Oil v Huson,* 404 US 97, 106 (1971) (citations omitted) (holding that a decision establishes a new principle of law, such that it may be applied

retroactively, if it "overrul[es] clear past precedent on which litigants may have relied . . ."); and if so (3) whether *Streng* should be applied retroactively under the "three factor test" set forth in *Pohutski*.

We further ORDER that this case be argued and submitted to the Court together with the case of *Brugger v Midland Co Bd of Road Commissioners*, Docket No. 158304, at such future session of the Court as both cases are ready for submission.

The total time allowed for oral argument shall be 60 minutes: 30 minutes for appellants and 30 minutes for appellees, to be divided at their discretion. MCR 7.314(B)(1).

The Negligence Law Section of the State Bar of Michigan, Michigan Association of Counties, and Michigan Municipal League are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae. Motions for permission to file briefs amicus curiae and briefs amicus curiae regarding these cases should be filed in *Estate of Brendon Pearce v Eaton County Road Commission*, Docket No. 158069, only and served on the parties in both cases.

MARKMAN J. (*concurring*).

I concur with our orders granting leave to appeal in this case and in *Brugger v Midland Co Bd of Rd Comm'rs*, Docket No. 158304. I write separately only to encourage the parties and any amici, when addressing the issue of the retroactivity of *Streng v Bd of Mackinac Co Rd Comm'rs*, 315 Mich App 449 (2016), lv den 500 Mich 919 (2016), to address the relevance of the tension identified in *Pohutski v City of Allen Park*, 465 Mich 675 (2002), between "the general rule . . . that judicial decisions are given full retroactive effect" and the exception to that rule of "a more flexible approach . . . where injustice might result from full retroactivity [of a corrected interpretation of the law]," *id*. at 695-696, as well as what consideration should be given to any asserted "injustice" that might result to the prevailing party in cases in which the new rule is applied prospectively only.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 24, 2020

a0421

Clerk