*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT B. CROUCH,

        Plaintiff-Appellant,

v

NEWAYGO COUNTY ROAD COMMISSION,

        Defendant-Appellee.

UNPUBLISHED
September 10, 2020

No. 347489
Newaygo Circuit Court
LC No. 18-020392-NO

Before: REDFORD, P.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff, Scott Crouch, appeals as of right the trial court's order granting summary disposition in favor of defendant, Newaygo County Road Commission, pursuant to MCR 2.116(C)(7). We affirm for the reasons stated in this opinion.

## I. BASIC FACTS

On September 11, 2016, Crouch lost control of his motorcycle on Comstock Avenue in Newaygo County after encountering a defect in the roadbed surface. He served the Road Commission notice of his accident 102 days later. Subsequently, he filed suit against the Road Commission claiming damages arising out of the crash. The Road Commission moved for summary disposition under MCR 2.116(C)(7), arguing that Crouch failed to comply with the 60-day notice provision in MCL 224.21(3). In response, Crouch argued that the applicable presuit-notice statute is MCL 691.1404(1), which requires a plaintiff suing a governmental agency to provide notice within 120 days. Relying on this Court's decision in *Streng v Mackinac Co Rd Comm'r*, 315 Mich App 449; 890 NW2d 680 (2016), the trial court determined that the 60-day notice provision was applicable and granted the Road Commission's motion for summary disposition.

## II. SUMMARY DISPOSITION

## A. STANDARD OF REVIEW

Crouch argues that the trial court erred by granting summary disposition under MCR 2.116(C)(7). A court's decision to grant summary disposition is reviewed de novo. *Pierce v Lansing*, 265 Mich App 174, 176; 694 NW2d 65 (2005).

## B. ANALYSIS

Crouch asserts that the trial court erred by holding that the 60-day notice requirement in MCL 224.21 applies in this case, and contends that the 120-day notice provision found in MCL 691.1404(1) should apply. In support, he directs this Court to our Supreme Court's decision in *Brown v Manistee Co Rd Comm*, 452 Mich 354; 550 NW2d 215 (1996), overruled by *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007). In *Brown*, our Supreme Court noted:

> [T]he two potentially governing statutes in this case provide different notice periods. MCL 224.21, addressing county road commission liability, compels the injured party to file a notice of the claim with the clerk and the chairman of the board of county road commissioners within sixty days of the injury. MCL 691.1404, addressing the identical liability for the state, its political subdivisions (including county road commissions), and municipal corporations, requires the injured party to file a notice of the claim with a governmental agency within 120 days of the injury.

The *Brown* Court resolved the conflict by determining that the 60-day "notice provision required for claims against a county road commission is unconstitutional." *Id*. at 363-364. *Brown*, however, was overruled by the Supreme Court. *Rowland*, 477 Mich at 223. Subsequently, in *Streng* this Court expressly held MCL 224.21(3), not MCL 691.1404(1), applies to actions against county road commissions. *Streng*, 315 Mich App at 463.

On appeal, Crouch first argues that *Streng* wrongly departed from our Supreme Court's ruling in *Brown*, so this Court may not follow *Streng* and must apply *Brown*. We disagree.

A published opinion of this Court has precedential effect under the rule of stare decisis and binds lower courts and tribunals. *Catalina Mktg Sales Corp v Dep't of Treasury*, 470 Mich 13, 23; 678 NW2d 619 (2004); MCR 7.215(J)(1). As a result, until and unless the Supreme Court overrules the *Streng* decision, "all lower courts and tribunals are bound by that prior decision and must follow it even if they believe that it was wrongly decided or has become obsolete." See *Paige v Sterling Hts*, 476 Mich 495, 524; 720 NW2d 219 (2006). To avoid the precedential effect of *Streng*, Crouch notes that this Court "may not follow *any* opinion previously decided by this Court, no matter when, to the extent that [this Court's] opinion conflicts with binding precedent from our Supreme Court, . . . ." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 115; 923 NW2d 607 (2018). Crouch argues that because *Streng* conflicts with *Brown* and because *Brown* is a Supreme Court opinion, this Court must follow *Brown*'s holding that the notice provision of MCL 691.1404(1) applies to county road commissioners. Yet, this Court is bound by the decisions of the Michigan Supreme Court "except where those decisions have *clearly* been overruled or

superseded, [this Court] *is not authorized to anticipatorily ignore* [*Supreme Court*] *decisions where it determines that the foundations of a Supreme Court decision have been undermined.*" *Associated Builders & Contractors v Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016). Here, as recognized by *Streng*, *Rowland* overruled *Brown*, and in doing so, "the *Rowland* Court repudiated the entirety" of *Brown* "because the analysis [it] employ[s] is deeply flawed." *Streng*, 315 Mich at 459. Thus, because *Brown* was clearly overruled, this Court is not bound to follow it, see *Associated Builders*, 499 Mich at 191-192, and must instead follow *Streng*, see *Catalina Mktg Sales Corp*, 470 Mich at 23; MCR 7.215(J)(1).

Crouch alternatively argues that even if *Streng* is binding precedent, this Court should declare that it was wrongly decided and call for a conflict panel under MCR 7.215(J)(2). Our Supreme Court, however, has granted leave in *Pearce v Eaton Co Rd Comm*, 941 NW2d 378 (2020) and *Brugger v Midland Co Bd of Road Comm'rs*, 941 NW2d 379 (2020), and has specifically directed the parties to address whether *Streng* was correctly decided. Accordingly, because the issue is already slated to be resolved by our Supreme Court, we decline to call for a conflict panel.

Affirmed.

/s/ James Robert Redford
/s/ Jane M. Beckering
/s/ Michael J. Kelly