*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DONALD SUPERNAW and LORI SUPERNAW,

      Plaintiffs-Appellants,

v

MUSKEGON COUNTY ROAD COMMISSION and
TRI-US SERVICES INC,

      Defendants-Appellees,

and

BIT-MAT PRODUCTS OF MICHIGAN,

      Defendant.

UNPUBLISHED
November 22, 2022

No. 359999
Muskegon Circuit Court
LC No. 20-000658-NI

Before: SAWYER, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs appeal following the trial court's grants of summary disposition, first for defendant Road Commission and then for defendant Tri-Us. We affirm the grant of summary disposition in favor of Tri-Us, but reverse the grant of summary disposition in favor of the Road Commission and remand for further proceedings consistent with this opinion.

For purposes of this appeal, we accept plaintiffs' factual claims that plaintiff Donald Supernaw (hereinafter "plaintiff") was injured when operating his motorcycle on Farr Road in Muskegon County when he lost control of the motorcycle when encountering loose aggregate on the road surface. This was part of a chip sealing process by which an emulsion and stone chips are put down on the road. The road is thereafter swept to remove from the road surface any loose stones that had not adhered to the emulsion. Tri-Us contracted with the Road Commission to perform additional sweeping of the road.

The issue presented on appeal with respect to the Road Commission is whether plaintiffs properly and timely complied with the statutory requirement to provide defendant with a notice of

-1-

plaintiffs' intent to sue. It is undisputed that plaintiff sent their notice of intent to the Muskegon County Clerk 68 days after the accident. The trial court determined that the notice was tardy and that all the required parties were not served:

> The Muskegon County Road Commission, as a governmental agency, enjoys the protections afforded by sovereign immunity. However, the legislature has carved out an exception to this shield for claims based upon a failure to maintain a road in reasonable repair. MCL 691.1402(1). The procedure for processing such a claim against a county road commission is set forth in MCL 224.21. *Brugger v Midland County Board of Road Commissioners*, 324 Mich App 307; 920 NW2d 388 (2018). One of the requirements of the statute is that plaintiff file a notice of the claim with the county clerk and the chairperson of the defendant within 60 days after his injury. *Id*.

Plaintiffs moved for reconsideration, which the trial court denied. Subsequently, the Supreme Court issued their opinion in *Estate of Brendon Pearce v Eaton Co Rd Comm*, 507 Mich 183; 968 NW2d 323 (2021).[1] Plaintiffs moved a second time for reconsideration in light of *Pearce*, which the trial court denied on the basis that the court rules do not provide a mechanism to bring a second motion for reconsideration.[2]

Ultimately, the issue before the Supreme Court in *Pearce* was whether this Court correctly concluded in *Streng v Bd of Mackinaw Co Rd Comm'rs*, 315 Mich App 449; 890 NW2d 680 (2016), that the 60-day notice requirement under the County Road Law, MCL 224.1 *et seq.*, prevailed over the 120-day notice requirement of the governmental tort liability act (GTLA), MCL 691.1401 *et seq. Pearce*, 507 Mich at 187. The Supreme Court concluded the 120-day notice requirement of the GTLA continues to be the applicable requirement:

> The *Streng* panel should have followed this Court's decision in *Brown* [*v Manistee Co Rd Comm*, 452 Mich 354; 550 NW2d 215 (1996)] and applied the GTLA's presuit requirements, not the requirements provided in the County Road Law; it could not decide this question for itself. *Brown*'s holding on that point survived this Court's decision in *Rowland* [*v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007)], and it was therefore binding on the *Streng* panel. Whether *Brown* correctly decided this question is for this Court to decide. But because it was not raised by the parties here, we save it for another day.

---

[1] The companion case to *Pearce* was the *Brugger* case referenced in the trial court's opinion.

[2] The trial court was correct in this observation. It does raise an interesting question with regards to what is the appropriate course of action where partial summary disposition is granted but, before the case is resolved, a change in law would now suggest that the partial summary disposition should have been denied. While that is an interesting question, it is one that we need not resolve at this point.

While it is clear that the Supreme Court has left open the possibility of revisiting its decision in *Brown* and might conclude that the 60-day limit of the County Road Law does control, it is equally clear that the 120-day limit of the GTLA is to be applied until and unless the Supreme Court makes that determination. In the case before us, the trial court understandably applied the County Road Law when the motion for summary disposition was brought and did not analyze whether the notice complied with the requirements of the GTLA. Although defendant Road Commission invites us to engage in that analysis, we decline that invitation and leave it to the trial court to address this issue in the first instance.[3]

We next turn to plaintiffs' argument that the trial court granted summary disposition in favor of Tri-Us. The trial court granted summary disposition on two grounds. First, the trial court concluded that Tri-Us would be liable only if it created a new hazard, for which there was no evidence:

> The Plaintiff's theory is the defendant failed to sweep the road. The duty to sweep the road is based solely upon the contract with the Commission. For the Plaintiff to have a tort claim, he must establish that the Defendant owed him a duty that was separate and distinct from the contractual obligation. *Fulz v Union-Commerce Associates,* 470 Mich 460; 68 NW2d 587 (2004). For a snow plowing contractor, that duty has been defined to be the obligation to refrain from creating a new hazard in the course of the snow removal. *Id.* The removal of debris from the road is factually indistinguishable from snow plowing. The Plaintiff has provided no evidence that the Defendant created a new hazard with the alleged failure to entirely remove the debris. If the debris created a hazard, it existed before the Defendant performed the sweeping service. Therefore, the Defendant's tort claim for negligence fails.

The trial court then addressed plaintiffs' attempt to argue that they were a third-party beneficiary to the contract between Tri-Us and the Road Commission. The trial court rejected the argument on two grounds. The first is that it is a claim that was not pled:

> In his response brief the Plaintiff introduces a new theory for recovery as a third party beneficiary of the contract between the Commission and the Defendant. Initially, the court notes that this was not pled in the complaint and, on that basis alone, summary disposition for the Defendant should be granted. However, assuming the Plaintiff would amend the complaint to salvage his claim, he would have to allege and prove that the Defendant undertook to do something directly for his benefit or for a designated class of persons of which he is a member. MCL 600.1405; *Brunsell v City of Zeeland*, 467 Mich 293; 651 NW2d 388 (2002).

---

[3] Defendant also suggest that we should affirm because plaintiffs frame their argument in terms of whether the trial court erred in denying their second motion for reconsideration. While plaintiffs do mistakenly believe that the issue on appeal is the denial of reconsideration, the true issue on appeal (which plaintiffs do address) is whether summary disposition was correctly granted.

The trial court then goes on to reject that argument:

> This Plaintiff is not directly referred to in the contract. Defendant's Exhibit A. For Defendant to be liable to a class, it must be sufficiently described. *Brunsell, supra*. To determine if a class is reasonably identified the court is required to employ an objective analysis that is confined to the contract itself. *Id.* In this case, the contract makes absolutely no reference to any class of persons who are intended beneficiaries. It provides no indication that Plaintiff undertook to do anything directly for a designated class of persons that included the Plaintiff.

> Nevertheless, the Plaintiff contends that there is no question the contract "meant to benefit" the Plaintiff and other motorists. Plaintiff's brief, p.9. This attempt to *imply* a class based upon who might be injured by a breach of Defendant's contractual obligations to the Commission was specifically rejected by the lead opinion in *Koenig v South Haven*, 460 Mich 667; 597 NW2d 99 (1999). In the absence of something in the contract that specifically designates the Plaintiff or a class of which he is a member as an intended third party beneficiary, Defendant owed no duty to the Plaintiff as an undesignated incidental beneficiary. *Schmalfeldt v Northpointe Ins. Co.*, 469 Mich 422; 670 NW2d 651 (2003).

On appeal, plaintiffs only address this last issue, arguing that the trial court misapplied the decision in *Koenig*. Even if we were to accept plaintiffs' argument on this point, it leaves unanswered the other two grounds: the lack of duty independent of the contract (absent the creation of a new hazard) and that plaintiffs never actually pled a claim based upon being a third-party beneficiary to the contract between Tri-Us and the Road Commission. Accordingly, we need not address the applicability of *Koenig* as plaintiffs' claim would nevertheless fail for the other reasons relied upon by the trial court and which go unrefuted by plaintiffs.

We affirm the trial court's grant of summary disposition in favor of Tri-Us. We reverse the grant of summary disposition in favor of defendant Road Commission and remand the matter to the trial court for reconsideration in light of the Supreme Court's decision in *Pearce* and any further proceedings consistent with this opinion. We do not retain jurisdiction. Tri-Us may tax costs.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Brock A. Swartzle

-4-