# STATE OF MICHIGAN

# COURT OF APPEALS

RYAN HARSTON,

        Plaintiff,

and

JOSEPH GRINAGE,

        Intervening Plaintiff-Appellee,

v

COUNTY OF EATON,

        Defendant,

and

EATON COUNTY ROAD COMMISSION,

        Defendant-Appellant,

and

ESTATE OF MELISSA SUE MUSSER, by
LAWRENCE BENTON, Personal Representative,
and PATRICIA JANE MUSSER,

        Defendants-Appellees.

FOR PUBLICATION
June 7, 2018
9:10 a.m.

No. 338981
Eaton Circuit Court
LC No. 15-001226-NI

ESTATE OF BRENDON PEARCE, by LYNN
PEARCE, Personal Representative,

        Plaintiff-Appellee,

v

EATON COUNTY ROAD COMMISSION,

No. 338990
Eaton Circuit Court
LC No. 16-000029-NI

-1-

Defendant-Appellant,

and

ESTATE OF MELISSA SUE MUSSER, by
LAWRENCE BENTON, Personal Representative,
and PATRICIA JANE MUSSER,

Defendants-Appellees.

Before:  O'CONNELL, P.J., and K. F. KELLY and RIORDAN, JJ.

O'CONNELL, P. J.

These consolidated cases[1] arise out of a fatal car crash.  Defendant Eaton County Road Commission appeals as of right the trial court's order denying the Road Commission's motion for summary disposition brought under MCR 2.116(C)(7) (immunity granted by law).  The parties dispute the retroactivity of *Streng v Bd of Mackinac Co Rd Comm'rs*, 315 Mich App 449; 890 NW2d 680 (2016), holding that the notice provision at MCL 224.21(3) in the highway code, MCL 220.1 *et seq.*, rather than the notice provision at MCL 691.1404(1) in the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, governs a claim brought against a county road commission.  We hold that *Streng* applies retroactively.  We reverse the trial court's order ruling otherwise, although we affirm the trial court's ruling that the Road Commission was not required to assert defective notice as an affirmative defense, and we remand these cases for further proceedings consistent with this opinion.

## I.  BACKGROUND

On March 8, 2015, Melissa Musser, whose estate is a defendant, was driving a minivan owned by defendant Patricia Musser.  Plaintiff Joseph Grinage and Brendon Pearce, whose estate is a plaintiff, were passengers in the car.  Melissa lost control of the minivan when she came to standing water in the roadway.  The minivan went off the road, rolled over, and came to rest on its roof against a tree.  Everyone except Pearce had been drinking, and the minivan was traveling about 20 miles over the speed limit.  Pearce died at the scene of the crash.  Melissa died at the hospital.  Grinage was seriously injured.

On May 5, 2015, Lynn Pearce, the personal representative of the estate of Brendon Pearce, served a "Notice to Eaton County of Fatal Injuries due to Defective Highway" on the

---

[1] *Harston v Eaton Co*, unpublished order of the Court of Appeals, entered October 20, 2017 (Docket Nos. 338981 and 338990).  In addition, by the parties' stipulation, we previously dismissed Ryan Harston as a plaintiff.  *Harston v Eaton Co*, unpublished order of the Court of Appeals, entered May 25, 2018 (Docket No. 338981).

Road Commission. Grinage served a "Notice of Intent to File a Claim" on the Road Commission on July 2, 2015.

Grinage and Pearce each filed a complaint, alleging that the Musser defendants were negligent and that the Road Commission breached its statutory duty under MCL 691.1402 to maintain the roads. In Pearce's case, the Road Commission first filed a motion for summary disposition under MCR 2.116(C)(7), arguing that Pearce's notice was inadequate. The trial court disagreed and denied the motion. The Road Commission appealed the trial court's decision. Pearce then filed a motion to affirm on appeal, arguing that her notice was sufficient under *Streng* and MCL 224.21(3)'s provision that the notice should state "substantially" the details of the injury. This Court granted Pearce's motion to affirm.[2] The Road Commission sought leave to appeal in the Supreme Court, which denied leave to appeal.[3]

After this Court granted Pearce's motion to affirm, the Road Commission returned to the trial court and filed a motion for summary disposition in the consolidated cases, arguing that all three plaintiffs' notices were insufficient under MCL 224.21(3). The parties disputed whether *Streng* applied retroactively and whether MCL 224.21(3), as applied in *Streng*, or MCL 691.1404(1), the GTLA notice provision, governed plaintiffs' notices. Two of the plaintiffs further argued that the Road Commission waived its challenge to plaintiffs' notices because it did not assert defective notice under MCL 224.21 as an affirmative defense.

The trial court denied the Road Commission's motion. The trial court rejected Pearce's argument that the Road Commission was required to assert insufficient notice as an affirmative defense because inadequate notice was a component of governmental immunity, which is not an affirmative defense. Nonetheless, the trial court concluded that *Streng* did not apply retroactively because it announced a new rule, reliance on the old rule was widespread, and retroactive application of *Streng* would adversely affect the administration of justice.

## II. DISCUSSION

This Court reviews a trial court's ruling on a motion for summary disposition de novo. *Stevenson v Detroit*, 264 Mich App 37, 40; 689 NW2d 239 (2004). This Court also reviews the legal question of retroactivity de novo. *Johnson v White*, 261 Mich App 332, 336; 682 NW2d 505 (2004). Summary disposition is proper if a party has "immunity granted by law[.]" MCR 2.116(C)(7). When reviewing a motion for summary disposition under subrule (C)(7), this Court reviews documentary evidence and accepts the plaintiffs' well-pleaded allegations as true unless documentation contradicts those allegations. *Stevenson*, 264 Mich App at 40.

Governmental agencies are generally immune from liability when they are performing a government function, unless provided otherwise by statute. MCL 691.1407(1); *Streng*, 315 Mich

---

[2] *Estate of Brendon Pearce v Eaton Co Rd Comm*, unpublished order of the Court of Appeals, entered October 25, 2016 (Docket No. 333387).

[3] *Pearce v Eaton Co Rd Comm*, 500 Mich 1021 (2017).

App at 455. The GTLA provides that the "liability, procedure, and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in . . . MCL 224.21." MCL 691.1402(1). MCL 224.21(3) contains a notice provision requiring potential plaintiffs to give notice to the clerk and the chairperson of the board of county road commissioners within 60 days of the injury. MCL 224.21(3). For all other highway defect claims, the GTLA's 120-day notice provision at MCL 691.1404(1) governs. In 2016, this Court held that MCL 224.21(3) governs claims brought against county road commissions. *Streng*, 315 Mich App at 462-463.

In May 2018, a panel of this Court concluded that *Streng* applies prospectively only. *Brugger v Midland Co Bd of Rd Commr's*, ___ Mich App ___; ____ NW2d ____ (2018) (Docket No. 337394). That decision, however, does not cite or discuss *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159; 909 NW2d 38 (2017), issued in August 2017, soon after the trial court's order in this case.[4] In *W A Foote Mem Hosp*, 321 Mich App 159, a panel of this Court addressed the retroactivity of a judicial interpretation of a statute. "A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule." MCR 7.215(J). Because *W A Foote* was published before *Brugger* and controls the issue in this case, we are required to follow *W A Foote*.[5]

*W A Foote Mem Hosp*, 321 Mich App at 182-183, followed the retroactivity test announced in *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 536; 821 NW2d 117 (2012):

> " 'The general principle is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former decision is bad law, but that it never was the law.' " This principle does have an exception: When a
>
> > statute law has received a given construction by the courts of last resort and contracts have been made and rights acquired under and in accordance with such construction, such contracts may not be invalidated, nor vested rights acquired under them impaired, by a change of construction made by a subsequent decision. [*Spectrum Health*, 492 Mich at 536, quoting *Gentzler v Constantine Village Clerk*, 320 Mich 394, 398; 31 NW2d 668 (1948).]

The *Foote* Court noted that this rule only pertains to the retroactivity of decisions interpreting a statute, *id*. at 190 n 15, and concluded that the *Spectrum Health* test, the Supreme Court's most

---

[4] At oral arguments in the present case, counsel for appellant stated that he had informed the *Brugger* panel that *W A Foote* controlled the outcome of the *Brugger* case.

[5] Even if we were not required to follow *W A Foote*, we would agree with Judge O'Brien's excellent dissent in *Brugger*.

recent resolution of a retroactivity question, overrides the "threshold" test and the "three part" test.[6] *Id*. at 191. The threshold test asks whether the decision announces a new rule of law. *Id*. at 177. If so, the three-part test considers "(1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice." *Id*. at 193 (citation and quotation marks omitted).

*W A Foote Mem Hosp*, 321 Mich App at 189-195, applied the *Spectrum Health* test, the threshold test, and the three-part test to conclude that a recent Supreme Court decision overruling prior precedent applied retroactively. Because the interpretation of statutory text was not new law, retroactivity was proper under the *Spectrum Health* test and the threshold test. *Id*. at 189-192. In addition, the exception in the *Spectrum Health* test did not apply because the plaintiff's claim was based on the absence of a contract and the plaintiff's claim did not arise from a Supreme Court case. *Id*. at 191 n 17. Finally, applying the three-factor test, the Court concluded that the purpose of the "new" rule was to conform caselaw to the terms of the statute, noted that parties had extensively relied on prior caselaw, but decided that promoting consistency in the law served the administration of justice. *Id*. at 193-195.

*W A Foote Mem Hosp* controls this case in all respects. First, *Streng* followed the Supreme Court's decision in *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007), and interpreted the text of MCL 224.21, so *Streng* is not new law.[7] For the same reason, *Streng* is retroactive under the threshold test. In addition, plaintiffs' claims do not meet the exception in the *Spectrum Health* retroactivity test. The parties' dispute in this case does not arise out of a contract, and plaintiffs' claims do not find support in *Rowland*.[8]

---

[6] In response to plaintiffs' reliance on *Pohutski v City of Allen Park*, 465 Mich 675; 641 NW2d 219 (2002), and *Tebo v Havlik*, 418 Mich 350; 343 NW2d 181 (1984), *W A Foote Mem Hosp*, 321 Mich App at 186 n 14, 195 n 19, noted that the Supreme Court effectively repudiated *Pohutski* and undermined *Tebo* in *Spectrum Health*. In addition, the Supreme Court has repeatedly demonstrated that interpreting the straightforward statutory text merits overruling prior precedent and applying its interpretation retroactively. See *Rowland*, 477 Mich at 220-222 (applying its decision retroactively to restore the law to what was mandated by the statutory text); *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 587; 702 NW2d 539 (2005) (same); see also *Wayne Co v Hathcock*, 471 Mich 445, 483-484; 684 NW2d 765 (2004) (applying its decision retroactively to give effect to a constitutional provision).

[7] Even if we were not bound to follow *W A Foote*, we note that MCL 224.21(3) has always been the law and is currently the law. No changes have been made to this statute, so we are required to apply it as written. That is, the issue in this case concerns statutory interpretation, not retroactivity.

[8] *Streng* addressed this concern by noting that *Rowland* discarded the entirety of the analysis in *Brown v Manistee Co Rd Comm*, 452 Mich 354, 361-364; 550 NW2d 215 (1996), overruled by *Rowland*, 477 Mich 197, as " 'deeply flawed[,]' " *Rowland* did not mention MCL 224.21 or discuss the notice deadline, and *Rowland* did not approve or disapprove of the use of one notice provision over another. *Streng*, 315 Mich App at 459-460.

*Streng* is also retroactive using the three-part test. The trial court and plaintiffs championed widespread reliance on the "old" rule and the unjust effect of applying *Streng* retroactively. *W A Foote Mem Hosp*, 321 Mich App at 195, decided that the proper, consistent interpretation of the statutory text outweighed these reliance concerns. Further, the cause of action in this case can defeat governmental immunity, which is especially significant for enforcing only those causes of actions enacted by the Legislature, as noted in the context of no-fault benefits in *W A Foote Mem Hosp*, 321 Mich App at 192. Accordingly, the trial court erred by ruling that *Streng* did not apply retroactively.[9]

Applying *Streng* and MCL 224.21(3), plaintiffs' notices were noncompliant. MCL 224.21(3) requires service of the notice of defect on the Road Commission and the County Clerk within 60 days of the accident. MCL 224.21(3); *Streng*, 315 Mich App at 466-467. It is not clear if Grinage served his notice on the County Clerk. Even if he did, his notice was deficient because he, too, served it more than sixty days after the accident. Pearce's notice was defective because she only served it on the Road Commission, not the County Clerk, even though the notice was timely. Therefore, the trial court erred by measuring plaintiffs' notices against MCL 691.1404(1) and finding them sufficient.

Finally, the trial court determined that the Road Commission was not required to plead defective notice under MCL 224.21 as an affirmative defense. We agree. Governmental immunity is not an affirmative defense. *Kendricks v Rehfield*, 270 Mich App 679, 681; 716 NW2d 623 (2006). Rather, it is a characteristic of government, and a plaintiff must plead in avoidance of governmental immunity. *Mack v Detroit*, 467 Mich 186, 203; 649 NW2d 47 (2002).

The notice provision is an integral component of defeating governmental immunity. Interpreting the effect of a notice provision at MCL 600.6431, the Supreme Court held that this provision "establishes conditions precedent for avoiding the governmental immunity conferred by the GTLA, which expressly incorporates MCL 600.6431." *Fairley v Dep't of Corrections*, 497 Mich 290, 297; 871 NW2d 129 (2015). Similarly, MCL 691.1402(1) in the GTLA refers to MCL 224.21 for claims brought against county road commissions, and this section includes the notice provision at MCL 224.21(3). Therefore, MCL 224.21(3)'s notice requirements, including the deadline and service requirements, are a component of pleading a claim in avoidance of governmental immunity. Accordingly, the burden was on plaintiffs to meet the requirements for bringing a claim against the Road Commission. The trial court correctly rejected the argument that the Road Commission waived its challenge to the sufficiency of plaintiffs' notices by failing to plead defective notice as an affirmative defense.

---

[9] Pearce maintains that the Road Commission has taken inconsistent positions on the applicability of *Streng*. Pearce is correct that the Road Commission strenuously objected to *Streng* as wrongly decided in Pearce's prior appeal, but Pearce invoked *Streng* to argue that her notice was substantially compliant. When this Court granted Pearce's motion to affirm, the Road Commission reasonably understood *Streng* to be controlling. Therefore, we are not concerned by the Road Commission's apparent about-face.

## III. CONCLUSION

We reverse the trial court's denial of the Road Commission's motion for summary disposition. We hold that *Streng* applies retroactively and that plaintiffs' notices were deficient under MCL 224.21(3). We affirm the trial court's ruling that the Road Commission was not required to plead defective notice as an affirmative defense. Accordingly, we direct the trial court to grant the Road Commission's motion for summary disposition.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan