# Syllabus

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

ESTATE OF BRENDON PEARCE v EATON COUNTY ROAD COMMISSION
BRUGGER v MIDLAND COUNTY BOARD OF ROAD COMMISSIONERS

Docket Nos. 158069 and 158304. Argued November 12, 2020 (Calendar No. 1). Decided June 4, 2021.

In Docket No. 158069, the estate of Brendon Pearce filed a negligence action in the Eaton Circuit Court against the Eaton County Road Commission and others, arguing, in part, that the commission breached its duty under MCL 691.1402 of the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, to maintain the road on which the accident occurred. Lynn Pearce, acting as the personal representative of Brendon's estate, served notice on the commission fewer than 60 days after Brendon was killed in the accident. The commission moved for summary disposition, arguing that the notice was deficient under MCL 224.21(3) of the County Road Law, MCL 224.1 *et seq.*, because the estate did not serve the notice on the county clerk. Edward J. Grant, J., on assignment from the State Court Administrative Office, denied the motion. Thereafter, the court, John D. Maurer, J., affirmed the denial for the reasons set forth in Judge Grant's opinion. The commission appealed, and the estate moved to affirm the trial court's written opinion, arguing that the notice was sufficient. The Court of Appeals granted the estate's motion to affirm in an unpublished order, entered October 25, 2016, and the commission sought leave to appeal in the Supreme Court. The Supreme Court denied leave to appeal. 500 Mich 1021 (2017). In the interim, the Court of Appeals issued *Streng v Bd of Mackinac Co Rd Comm'rs*, 315 Mich App 449 (2016), holding that MCL 224.21(3)—a provision of the County Road Law that requires notice to the clerk and the board of county road commissioners within 60 days after an injury occurs—controls the timing and content of presuit notices to a county road commission for injuries caused by an alleged highway defect, not MCL 691.1404(1) of the GTLA, which requires presuit notice to a governmental agency within 120 days after the injury occurs. The commission returned to the trial court and moved for summary disposition, arguing that the estate's notice was insufficient under MCL 224.21(3). The parties disputed whether *Streng* applied retroactively and whether MCL 224.21(3), as applied in *Streng*, or MCL 691.1404(1) governed the estate's notice. Judge Maurer denied the commission's motion, concluding that *Streng* did not apply retroactively. The Court of Appeals, O'CONNELL, P.J., and K. F. KELLY and RIORDAN, JJ., affirmed in part and reversed in part the trial court's order, concluding that *Streng* applied retroactively; that the notice provisions of MCL 224.21(3) applied to the action; and that, even though the estate's notice was properly filed within the 60-day period in MCL 224.21(3), the notice was deficient because the estate did not serve it on the county clerk as required by that statute. 324 Mich App 549 (2018).

In Docket No. 158304, Tim E. Brugger II filed a negligence action in the Midland Circuit Court against the Midland County Board of Road Commissioners, alleging that he was injured in a motorcycle accident that was caused by a defect in a highway under the jurisdiction of the board and that the board was liable under MCL 691.1402, the highway exception of the GTLA. Brugger had notified the board of his injuries and the alleged highway defect 110 days after the crash in accordance with the GTLA's 120-day presuit-notice requirement. The board moved for summary disposition, arguing that under *Streng*, the County Road Law's 60-day presuit-notice provision applied and the notice was not sufficient. The court, Michael J. Beale, J., denied the board's motion, concluding that Brugger had correctly filed his notice within 120 days in accordance with MCL 691.1404(1). The court reasoned that the 60-day period set forth in MCL 224.21(3) did not apply because *Streng* applied prospectively only. The board appealed. In a split decision, the Court of Appeals, SHAPIRO, P.J., and M. J. KELLY, J. (O'BRIEN, J., dissenting), affirmed the trial court, agreeing that *Streng* applied prospectively only. 324 Mich App 307 (2018).

The Supreme Court granted the separate applications for leave to appeal filed by the Pearce estate and the Midland County Board of Road Commissioners. 505 Mich 1033 (2020).

In an opinion by Chief Justice MCCORMACK, joined by Justices VIVIANO, BERNSTEIN, CLEMENT, and CAVANAGH, the Supreme Court *held*:

The Court of Appeals erred in *Streng* when it concluded that the presuit-notice requirements in the County Road Law apply when a plaintiff sues a county road commission under the highway exception to the GTLA. In *Brown v Manistee Co Rd Comm*, 452 Mich 354 (1996), the Michigan Supreme Court held that the GTLA's notice provisions control. That holding in *Brown* was never overruled and was binding on the Court of Appeals. Accordingly, *Streng*'s holding that the County Road Law's notice provisions govern in negligence actions against county road commissions was overruled. Because the issue was not raised by the parties, the question whether *Brown* was correctly decided was saved for another day.

1. MCL 691.1404(1) of the GTLA provides that as a condition to recovery, a person injured on a defective highway must notify the governmental agency of the injury and the defect within 120 days from the time the injury occurred. In contrast, MCL 224.21(3) provides that a person injured on a defective county road must notify the clerk and the board of county road commissioners of the occurrence within 60 days after the occurrence of the injury.

2. To determine whether *Streng* was correctly decided, it was necessary to consider the caselaw related to presuit-notice statutes. In *Brown*, the Court held that the GTLA's 120-day presuit-notice requirement controlled negligence actions brought against county road commissions, not the County Road Law's 60-day presuit-notice requirement because there was no rational basis for the County Road Law's shorter notice provision for actions against a county road commission as opposed to those against other governmental agencies. The *Brown* Court declined to overrule *Hobbs v Dep't of State Highways*, 398 Mich 90 (1976), which required the government to show actual prejudice before a statutorily required presuit-notice provision was enforced to preclude an action. Thirty years later, in *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007), the Court overruled *Hobbs* and *Brown*, holding that the GTLA did not contain an actual-prejudice requirement before enforcement of the notice provision, that the earlier cases had

improperly engrafted that requirement onto the statute, and that a governmental agency did not have to show actual prejudice before the 120-day notice provision could be enforced. As a result, the Court stated that nothing could be saved from *Hobbs* and *Brown* because the analysis in those cases was deeply flawed. In *Streng*, the Court of Appeals held that the County Road Law's 60-day notice deadline applied to actions involving defects in county roads, not the GTLA's 120-day notice deadline, reasoning that because the *Rowland* Court repudiated *Hobbs* and *Brown*, the Court of Appeals was free to address whether the GTLA or the County Road Law notice provision applied when a plaintiff was injured on a county road. However, *Rowland* addressed whether courts should continue to apply the *Hobbs* actual-prejudice requirement in negligence cases against the government. *Rowland* did not address MCL 224.21(3) or *Brown*'s holding that the GTLA's notice provision governed rather that of the County Road Law; therefore, any statements in the case not related to *Hobbs*'s prejudice requirement were nonbinding obiter dicta. Thus, *Rowland* did not overrule *Brown*'s holding that in actions against a county road commission, the GTLA's notice provision governed rather than the County Road Law's. In *Streng*, the Court of Appeals was required to follow *Brown*'s conclusion that the GTLA notice provision applied to actions brought against county road commissions; the *Streng* Court's conclusion otherwise was erroneous and was overruled. Because *Streng* was overruled, it was unnecessary in this case to determine whether *Streng* applied retroactively or prospectively.

Judgments of the Court of Appeals vacated and cases remanded to the respective trial courts.

Justice ZAHRA, dissenting, disagreed with the majority's conclusion that *Rowland* did not overrule all aspects of *Brown*. *Rowland* clearly stated that nothing could be saved from *Hobbs* and *Brown*, expressly conveying that all aspects of *Brown* were overruled, including application of the GTLA's notice provisions to actions brought against county road commissions; the portion of *Rowland* applying the GTLA notice provision was not obiter dictum. Instead, *Brown*'s holding as to the validity of the County Road Law's 60-day notice provision was tied up with the Court's conclusion in *Carver v McKernan*, 390 Mich 96 (1973), that actual prejudice must be shown before notice requirements could be enforced. *Rowland* repudiated both *Brown* and *Carver*, holding that notice requirements had to be enforced as written, and that holding applied to the entirety of *Brown*. As *Brown* is no longer good law, the Court of Appeals in *Streng* was permitted to apply MCL 224.21.

Justice WELCH did not participate in the disposition of these cases because the Court considered them before she assumed office.

# OPINION

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

FILED June 4, 2021

S T A T E   O F   M I C H I G A N

SUPREME COURT

ESTATE OF BRENDON PEARCE, by
LYNN PEARCE, Personal Representative,

        Plaintiff-Appellant,

v                                          No. 158069

EATON COUNTY ROAD COMMISSION,

        Defendant-Appellee,

and

ESTATE OF MELISSA SUE MUSSER, by
LAWRENCE BENTON, Personal
Representative, and PATRICIA JANE
MUSSER,

        Defendants.

TIM EDWARD BRUGGER II,

        Plaintiff-Appellee,

v                                           No. 158304

MIDLAND COUNTY BOARD OF ROAD
COMMISSIONERS,

        Defendant-Appellant.

---

BEFORE THE ENTIRE BENCH (except WELCH, J.)

MCCORMACK, C.J.

In these consolidated cases, we consider whether the Court of Appeals correctly decided *Streng v Bd of Mackinac Co Rd Comm'rs*, 315 Mich App 449; 890 NW2d 680 (2016), and, if so, whether it should apply retroactively to all cases pending on appeal. In *Streng*, the Court of Appeals concluded that the presuit-notice requirements in the County Road Law, MCL 224.1 *et seq.*, apply when a plaintiff sues a county road commission under the "highway exception" to the governmental tort liability act (GTLA), MCL 691.1401 *et seq.* We hold that *Streng* was wrongly decided because in *Brown v Manistee Co Rd Comm*, 452 Mich 354; 550 NW2d 215 (1996), this Court decided that the GTLA's notice provisions control, and we have not overruled that holding.

The *Streng* panel erred by failing to follow *Brown*. We therefore overrule *Streng*, vacate the decisions of the Court of Appeals, and remand these cases to the respective circuit courts for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

One hundred and ten days after plaintiff Tim Brugger was injured in an automobile accident, he served on the Midland County Board of Road Commissioners a notice of his intent to sue. Fewer than 60 days after Brendon Pearce was killed in an automobile accident, his mother, Lynn Pearce, acting as the personal representative of Brendon's estate, served on the Eaton County Road Commission a "Notice to Eaton County of Fatal Injuries due to Defective Highway." Both Brugger's and Pearce's notices complied with the GTLA, which requires people making claims under the highway exception to give notice of the alleged injury and defective highway within 120 days of the injury. MCL 691.1404(1). But neither notice was adequate under the County Road Law, because Brugger's notice was filed more than 60 days after the accident and Pearce did not serve her notice on the Eaton County Clerk. See MCL 224.21(3) (providing that "a board of county road commissioners is not liable for damages . . . unless the person serves or causes to be served within 60 days after the occurrence of the injury a notice in writing upon the clerk and upon the chairperson of the board of county road commissioners").

While both cases proceeded in the trial courts, the Court of Appeals issued its decision in *Streng*. The Court of Appeals concluded that the County Road Law's 60-day provision governed the timing and content of a presuit notice directed to a county road commission rather than the GTLA's 120-day provision. *Streng*, 315 Mich App at 462-463.

Following that decision, the Midland County Road Commission relied on *Streng* to move for summary disposition in *Brugger*, arguing that Brugger's presuit notice was ineffective because it was not served within 60 days of Brugger's injury. The trial court denied the motion, concluding that *Streng* should apply prospectively only. In turn, the

3

Eaton County Road Commission moved for summary disposition in *Pearce*, arguing that Pearce's presuit notice was insufficient because it was not served on the county clerk. The trial court denied that motion and, like the trial court in *Brugger*, concluded that *Streng* applied prospectively only. Both defendants appealed in the Court of Appeals the trial courts' denial of their motions for summary disposition.

The *Brugger* panel held that *Streng* applied prospectively only. *Brugger v Midland Co Bd of Rd Comm'rs*, 324 Mich App 307, 316; 920 NW2d 388 (2018). But the *Pearce* panel held that *Streng* applied retroactively to all cases. *Pearce Estate v Eaton Co Rd Comm*, 324 Mich App 549, 553; 922 NW2d 391 (2018). Both opinions were published.

This Court granted leave to resolve the conflict. Besides asking whether *Streng* applied retroactively, we asked the parties to brief whether *Streng* was correctly decided. See *Brugger v Midland Co Bd of Rd Comm'rs*, 505 Mich 1033 (2020). We review these questions de novo. *People v Maxson*, 482 Mich 385, 387; 759 NW2d 817 (2008) (whether a court's ruling applies retroactively is a question reviewed de novo); *Page v Klein Tools, Inc*, 461 Mich 703, 709; 610 NW2d 900 (2000) (questions of law are reviewed de novo).

## II. THE EVOLUTION OF MICHIGAN'S PRESUIT-NOTICE DOCTRINE

This Court's presuit-notice jurisprudence is the foundation for determining whether the Court of Appeals correctly decided *Streng*. It is against this backdrop that the *Streng* panel concluded that it was free to decide which notice provision applied.

### A. *HOBBS*

We begin with *Hobbs v Dep't of State Highways*, 398 Mich 90; 247 NW2d 754 (1976). There, the plaintiff failed to file her presuit notice within 120 days as required by

4

the GTLA. *Id*. at 94. In deciding whether the plaintiff's claim was barred, the *Hobbs* Court relied on two cases: *Reich v State Hwy Dep't*, 386 Mich 617; 194 NW2d 700 (1972), and *Carver v McKernan*, 390 Mich 96; 211 NW2d 24 (1973). In *Reich*, the Court held that an earlier version of the GTLA's notice provision violated equal-protection guarantees by treating plaintiffs injured by the government differently from plaintiffs injured by private tortfeasors. *Reich*, 386 Mich at 623. But *Carver*—a case involving the Motor Vehicle Accident Claims Act—held that a presuit-notice requirement for claims against the government could be constitutional as long as the requirement served a legitimate purpose. *Carver*, 390 Mich at 100. *Carver* observed that preventing prejudice to the government can be a legitimate purpose and held that a claim against the Motor Vehicle Accident Claims Fund could be dismissed on notice grounds only if the government showed that it was prejudiced by the plaintiff's inadequate notice. *Id*.

The *Hobbs* Court found *Carver*'s rationale to be "equally applicable" to cases brought under the GTLA and concluded that actual prejudice to the government because of an untimely notice was "the only legitimate purpose" the Court could identify to uphold the GTLA's notice requirement. *Hobbs*, 398 Mich at 96. Thus, *Hobbs* held, an untimely notice would not bar a claim under the GTLA absent a showing of actual prejudice. *Id*.

B. *BROWN*

Twenty years later, this Court revisited *Hobbs* in *Brown v Manistee Co Rd Comm*, 452 Mich 354; 550 NW2d 215 (1996). In *Brown*, the plaintiff alleged that he was injured on a county road when he tried to avoid a pothole. Sixty-one days after the accident, the Manistee County Road Commission resurfaced the road, including the alleged pothole.

5

Without filing a presuit notice, the plaintiff sued the road commission almost two years later. The road commission moved for summary disposition, arguing that the plaintiff violated the County Road Law's 60-day notice requirement set forth in MCL 224.21(3). *Id*. at 357. The trial court agreed, holding that MCL 224.21(3) governed and that the road commission was prejudiced by the plaintiff's failure to file a timely notice. *Id*. This seemed to be the type of prejudice the *Hobbs* Court envisioned; if the plaintiff had notified the road commission of his intent to sue during the 60-day period, the commission would have been able to preserve evidence about the pothole before it resurfaced the road.

The Court of Appeals affirmed. *Brown v Manistee Co Rd Comm*, 204 Mich App 574; 516 NW2d 121 (1994). First, the majority held that the County Road Law's notice provision controlled because it exclusively governed boards of county road commissioners. *Id*. at 577. Next, the majority, citing *Hobbs*, held that the road commission had been prejudiced by the lack of notice and thus the plaintiff's case had been properly dismissed. *Id*. at 577-578.

This Court granted leave to appeal to decide these questions:

1. Whether the plaintiff's action was governed by the County Road Law's 60-day notice provision, MCL 224.21(3), or the GTLA's 120-day notice provision, MCL 691.1404(1);

2. Whether *Hobbs*'s rule requiring a showing of prejudice should be overruled; and

3. If *Hobbs* remained good law, whether there was a showing of prejudice in this case.

*Brown*, 452 Mich at 356.

6

To the first question, *Brown* held that the GTLA's 120-day notice provision applies in a negligence action against a county road commission. *Id*. Because the Legislature intended "to provide uniform liability and immunity to both state and local governmental agencies," the *Brown* Court believed that having two distinct notice periods in two statutes was suspect. *Id*. at 361 (quotation marks and citation omitted). "By providing different notice periods," the Court explained, "the legislation divides injured persons into two classes: those injured on a defective road controlled by a county road commission and those injured on a defective road controlled by other governmental agencies." *Id*.

The Court analyzed the two statutes under rational-basis review and cited *Hobbs* to acknowledge that the only purpose it articulated for a notice requirement was to prevent prejudice to the government. *Id*. at 362. The Court concluded that it was "unable to perceive a rational basis for the county road commission statute to mandate notice of the claim within sixty days." *Id*. at 363. "Accordingly," the Court held, "the distinct sixty-day notice provision required for claims against a county road commission is unconstitutional." *Id*. at 363-364. But the Court also held that the GTLA's 120-day notice provision was reasonable and, therefore, constitutional because it "provide[d] a claimant sufficient time to serve the governmental agency with notice of an alleged injury and corresponding defect." *Id*. at 364. Finally, *Brown* declined to overrule *Hobbs* and reaffirmed its requirement that the government show actual prejudice before a statutory presuit-notice provision would be enforced. *Id*. at 365.

Justice RILEY dissented. But while she would have overruled *Hobbs*'s prejudice requirement because she believed the Court lacked the power to engraft it onto the GTLA,

7

she agreed "with the majority's conclusion that plaintiff must comply with the 120-day notice requirement[.]" *Brown*, 452 Mich at 369 (RILEY, J., dissenting).

## C. *ROWLAND*

In *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007), this Court once again granted leave to appeal to consider overruling *Hobbs*. There, the plaintiff served the county road commission with notice of her claim 140 days after her accident. The trial court denied the road commission's motion for summary disposition, finding that there was a genuine issue of material fact about whether the road commission was prejudiced by the untimely notice, and the Court of Appeals affirmed. *Rowland v Washtenaw Co Rd Comm*, unpublished per curiam opinion of the Court of Appeals, issued December 13, 2005 (Docket No. 253210).

This Court's grant order made clear that it had *Hobbs* in its sights; it directed the parties to brief whether *Hobbs* and *Brown* should be overruled and, if so, whether a decision doing so would apply retroactively. *Rowland v Washtenaw Co Rd Comm*, 474 Mich 1099, 1099-1100 (2006).

We answered both questions yes. *Rowland*, 477 Mich at 200. Because we held that MCL 691.1404(1) should be enforced as written, we overruled *Hobbs*'s and *Brown*'s prejudice engraftment. *Id*. We concluded that *Hobbs* and *Brown* were "wrongly decided and poorly reasoned" because they presumed that governmental notice requirements were unconstitutional if the government was not prejudiced by an untimely notice. *Id*. at 210 (capitalization omitted). This reasoning, we explained, was indefensible and could not be saved by the *Hobbs* Court's belief that the " 'only legitimate purpose' " of the GTLA's

8

notice provision was to protect the government from being prejudiced. *Id.*, quoting *Hobbs*, 398 Mich at 96.

*Rowland* held that the GTLA's notice requirement was constitutional and enforceable. *Rowland*, 477 Mich at 213. After describing *Hobbs* and *Brown* as remarkable examples of "judicial usurpation of legislative power," the Court announced that "[n]othing can be saved from *Hobbs* and *Brown* because the analysis they employ is deeply flawed." *Id.* at 213-214. As a result, we held that "MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect. Accordingly, we conclude that it must be enforced as written." *Id.* at 219. That meant that a plaintiff suing a county road commission had to serve a notice within 120 days that identified the location and nature of the highway defect, the injury suffered, and the known witnesses to the accident. *Id.* The GTLA itself does not require that the government demonstrate prejudice to enforce its notice provision. *Id.* Thus, we explained, "the notice provision is not satisfied if notice is served more than 120 days after the accident *even if there is no prejudice.*" *Id.*

## D. *STRENG*

Nine years after *Rowland*, the Court of Appeals was asked to decide whether the County Road Law or the GTLA controlled presuit notices in a negligence action filed against a county road commission. *Streng*, 315 Mich App 449. The *Streng* panel approached the question as if it were working off a blank slate. It explained that *Rowland* "repudiated the entirety of" *Hobbs* and *Brown* and that *Brown* was the only precedential case that "substantively considered the potential conflicts between [the County Road Law] and the GTLA." *Id.* at 459-460. The panel acknowledged that *Rowland* did not address

9

the County Road Law, noting correctly that *Rowland* "expressed neither approval nor disapproval" with the application in *Hobbs* and *Brown* of the GTLA's notice requirement and, instead, "simply focused on the lack of statutory language in MCL 691.1404 allowing exceptions to the time limit." *Id*. at 459-460.

The *Streng* panel conducted its own analysis about which notice provision would govern and held that the County Road Law's 60-day notice deadline applied. *Id*. at 463. "In sum," the panel concluded, "appellate courts appear to have overlooked the time limit, substantive requirements, and service procedures required by MCL 224.21(3) when the responsible body is a county road commission." *Id*.

### III.  ANALYSIS

*Streng*'s fundamental flaw was its conclusion that *Rowland* had done away with *Brown* in its entirety.  This error is understandable given *Rowland*'s declaration that "[n]othing can be saved from *Hobbs* and *Brown* because the analysis they employ is deeply flawed." *Rowland*, 477 Mich at 214.

But "[t]he Court of Appeals is bound to follow decisions by this Court except where those decisions have *clearly* been overruled or superseded . . . ." *Associated Builders & Contractors v Lansing*, 499 Mich 177, 191; 880 NW2d 765 (2016).  Even after a decision has been overruled in part, its holdings left untouched remain binding precedent.  In fact, courts often cite decisions for still valid legal principles even though the decision has been overruled in part on other grounds.  See, e.g., *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 203; 747 NW2d 811(2008) (citing *Mich Millers Mut Ins Co v Bronson Plating Co*, 445 Mich 558, 568; 519 NW2d 864 (1994), overruled in part on other grounds by *Wilkie v*

10

*Auto-Owners Ins Co*, 469 Mich 41, 63 (2003), for the proposition that "legal action" is synonymous with "lawsuit"). Despite *Rowland*'s broad swipe at *Brown*, it did not *clearly* overrule *Brown*'s holding on the competing notice provisions of the County Road Law and the GTLA. And whether the *Rowland* Court would have overruled this holding, had it been properly presented with the opportunity to do so, is neither here nor there.

The question *Rowland* answered was whether courts should continue to apply *Hobbs*'s prejudice requirement in negligence cases against the government. The grant order did not mention the County Road Law at all, even though the case concerned a county road accident; instead, the Court asked the parties to brief whether *Hobbs*'s prejudice requirement should be overruled. *Rowland*, 474 Mich at 1099-1100. And the opening sentence of the opinion confirms the scope of the Court's work: "The issue in this case is whether a notice provision applicable to the defective highway exception to governmental immunity, MCL 691.1404(1), should be enforced as written." *Rowland*, 477 Mich at 200. *Rowland*'s one-sentence summary of *Brown* focused exclusively on *Brown*'s decision not to overrule *Hobbs. Id.* at 209. Not surprisingly therefore, *Rowland* never addressed MCL 224.21(3) or *Brown*'s holding that the GTLA's notice provision governed rather than the County Road Law's.

*Rowland*'s reasoning for overruling *Brown* is more evidence that it did not displace *Brown*'s holding that the GTLA's notice provision applied: "The simple fact is that *Hobbs* and *Brown* were wrong because they were built on an argument that governmental immunity notice statutes are unconstitutional or at least sometimes unconstitutional if the government was not prejudiced." *Id.* at 210. The Court considered and overruled only *Brown*'s holding affirming *Hobbs*, and therefore necessarily left *Brown*'s first holding—

11

that the GTLA governed because the County Road Law's notice provision was unconstitutional—in place.

Because the issue before the *Rowland* Court was whether to overrule *Hobbs*'s prejudice requirement, any statements *Rowland* made that were unnecessary to decide that question were nonbinding obiter dicta. Unlike holdings, "[o]biter dicta are not binding precedent. Instead, they are statements that are unnecessary to determine the case at hand and, thus, lack the force of an adjudication." *People v Peltola*, 489 Mich 174, 190 n 32; 803 NW2d 140 (2011) (quotation marks and citation omitted). Weighing in on the validity of *Brown*'s first holding was unnecessary for the *Rowland* Court to dispose of *Hobbs*'s prejudice engraftment. The only reason *Brown* was at issue at all in *Rowland* was because it reaffirmed *Hobbs*. Thus, *Rowland*'s declaration that "[n]othing can be saved from *Hobbs* and *Brown* because the analysis they employ is deeply flawed" is nonbinding obiter dictum. *Rowland*, 477 Mich at 214.

And there is more evidence that *Rowland* did not wipe *Brown*'s slate clean. *Rowland* involved an action against a county road commission, and it held that the GTLA's 120-day notice provision applied. It concluded that "notice of the injuries sustained and of the highway defect must be served on the governmental agency *within 120 days of the injury*." *Id*. at 200 (emphasis added). Throughout the opinion, the *Rowland* Court emphasized that the GLTA's notice period controlled. For example, the *Rowland* majority observed that "in *Brown* the road commission was prejudiced because it, unaware that there had been an accident, repaved the road where the accident happened before the 120-day notice period expired." *Id*. at 219 n 16. And it called the GTLA the "controlling legal authority." *Id*. at 222. Finally, *Rowland*, 477 Mich at 210-211, quoted Justice RILEY's

12

dissent in *Brown* approvingly without challenging her explicit agreement "with the majority's conclusion that plaintiff must comply with the 120-day notice requirement," *Brown*, 452 Mich at 369 (RILEY, J., dissenting). Any reader (with or without a law degree) would have to presume that the GTLA's 120-day notice requirement continued to control.

The *Streng* panel should have followed this Court's decision in *Brown* and applied the GTLA's presuit requirements, not the requirements provided in the County Road Law; it could not decide this question for itself. *Brown*'s holding on that point survived this Court's decision in *Rowland*, and it was therefore binding on the *Streng* panel. Whether *Brown* correctly decided this question is for this Court to decide. But because it was not raised by the parties here, we save it for another day.

## IV.  CONCLUSION

We overrule *Streng*'s holding that the County Road Law's notice provision governs in negligence actions against county road commissions rather than the GTLA's. Therefore, we need not address the matter of *Streng*'s retroactive application. We vacate the decisions of the Court of Appeals and remand these cases to the respective circuit courts for further proceedings.

Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

13

STATE OF MICHIGAN

SUPREME COURT

ESTATE OF BRENDON PEARCE, by
LYNN PEARCE, Personal Representative,

        Plaintiff-Appellant,

v                                           No. 158069

EATON COUNTY ROAD COMMISSION,

        Defendant-Appellee,

and

ESTATE OF MELISSA SUE MUSSER, by
LAWRENCE BENTON, Personal
Representative, and PATRICIA JANE
MUSSER,

        Defendants.

_____

TIM EDWARD BRUGGER II,

        Plaintiff-Appellee,

v                                           No. 158304

MIDLAND COUNTY BOARD OF ROAD
COMMISSIONERS,

        Defendant-Appellant.

_____

ZAHRA, J. (*dissenting*).

I respectfully dissent. It should not be that one needs a law degree to understand the opinions of this Court. In *Rowland v Washtenaw Co Rd Comm*,[1] this Court expressly overruled its prior decision in *Brown v Manistee Co Rd Comm*.[2] In doing so, the Court held that "[n]othing can be saved from . . . *Brown* because the analysis [it] employ[s] is deeply flawed."[3] This holding is clear, concise, and unambiguous. I surmise that virtually all people of ordinary intelligence who read these words would conclude that nothing from the *Brown* opinion remains good law. Yet today the majority concludes that when this Court proclaimed that "nothing can be saved from . . . *Brown*," it simply didn't mean it. Calling this clear, concise, and unambiguous holding obiter dictum, the Court today proclaims that aspects of *Brown* have somehow survived. Because the Court "save[s] . . . for another day" its view of whether *Brown* was rightly decided, I offer no opinion on its correctness. But on the question of whether any aspect of *Brown* is still good law, *Rowland* resoundingly answers that it is not.

Michigan has two presuit notice statutes that, by their terms, apply to accidents involving allegedly defective highways maintained by a county government. The governmental tort liability act (GTLA), MCL 691.1401 *et seq*., requires notice to *any* governmental defendant within 120 days of an injury, MCL 691.1404(1), while the County Road Law, MCL 224.1 *et seq*., requires notice to a county road commission within 60 days after the occurrence of the injury involving a highway within its jurisdiction, MCL

---

[1] *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007).

[2] *Brown v Manistee Co Rd Comm*, 452 Mich 354; 550 NW2d 215 (1996).

[3] *Rowland*, 477 Mich at 214.

2

224.21(3).  This Court's *Brown* opinion set forth two pertinent holdings.  First, the Court held that there was no rational basis to require that county road commissions receive notice within 60 days if 120 days is adequate notice for other units of government.  Second, the Court reaffirmed past precedent holding that the only legitimate purpose for presuit notice requirements of the sort at issue in *Brown* is to prevent prejudice to the defendant, meaning that the requirements are unenforceable unless the government can show it was prejudiced by the failure to provide timely notice.  The majority holds that *Rowland* only overruled this second holding, leaving the first holding intact.  Thus, the majority reasons, the Court of Appeals was not free to deviate from that aspect of *Brown* in *Streng v Bd of Mackinac Co Rd Comm'rs*.[4]  But the majority's holding obscures the fact that both of *Brown*'s holdings were premised on the same skepticism toward notice requirements that *Rowland* discarded.

Rowland* provided a detailed "history of this Court's caselaw involving notice statutes"[5] that illustrated the common themes in both of *Brown*'s holdings.  Over time, this Court moved from enforcing governmental-immunity notice provisions as plainly written, to engrafting upon such statutes legal analysis unsupported by a traditional understanding of Michigan's principles of constitutional interpretation and statutory construction.  *Rowland* returned the Court to its original understanding that governmental-immunity notice provisions should be enforced as plainly written.

---

[4] *Streng v Bd of Mackinac Co Rd Comm'rs*, 315 Mich App 449; 890 NW2d 680 (2016).

[5] *Rowland*, 477 Mich at 205-210 (capitalization omitted).

3

"From its earliest years this Court, evidently detecting no constitutional impediments, . . . enforced governmental immunity mandatory notice provisions according to their plain language."[6] This began to change in 1970, when in *Grubaugh v St Johns*,[7] this Court addressed whether the 60-day notice requirement of § 8 of Chapter 22 of the general highway statute[8] (the predecessor of the GTLA's highway exception), was constitutionally infirm as applied to incapacitated plaintiffs.[9] *Grubaugh* reasoned that "[t]o take away [an incapacitated plaintiff's] cause of action on the sixty-first day because he could not meet the notice provisions of the act would deprive him of a vested right of action without due process of law."[10] Therefore, this Court held "that the notice provisions of § 8 of chapter 22 of the general highway statute are constitutionally void as depriving claimant of due process of law."[11]

Two years later in *Reich v State Hwy Dep't*,[12] this Court determined that the 60-day provision newly enacted in the GTLA was unconstitutional as applied to minors. Relying on the reasoning in *Grubaugh*, the Court held that the notice requirement violated the due-process rights of minors. Further, the Court held that the notice provision violated the

---

[6] *Id*. at 205.

[7] *Grubaugh v St Johns*, 384 Mich 165; 180 NW2d 778 (1970).

[8] 1948 CL 242.8.

[9] *Id*. at 167.

[10] *Id*. at 175.

[11] *Id*. at 176.

[12] *Reich v State Hwy Dep't*, 386 Mich 617; 194 NW2d 700 (1972).

4

plaintiffs' right to equal protection of the laws because it treated a class of plaintiffs who filed a negligence claim against the government differently than it treated plaintiffs filing a cause of action against a private tortfeasor.[13] *Reich* further explained that the "diverse treatment of members of a class along the lines of governmental or private tortfeasors bears no reasonable relationship under today's circumstances to the recognized purpose of the act. It constitutes an arbitrary and unreasonable variance in the treatment of both portions of one natural class and is, therefore, barred by the constitutional guarantees of equal protection."[14] This Court in *Rowland* quoted Justice BRENNAN's dissent in *Reich*, in which he identified his concerns with the majority's equal-protection analysis:

> The legislature has declared governmental immunity from tort liability. The legislature has provided specific exceptions to that standard. The legislature has imposed specific conditions upon the exceptional instances of governmental liability. The legislature has the power to make these laws. This Court far exceeds its proper function when it declares this enactment unfair and unenforceable.[15]

Although the statute at issue in *Reich* was the GTLA, in *Crook v Patterson*,[16] the Court of Appeals recognized that *Reich*'s reasoning applied with equal force to the County Road Law, holding that the 60-day notice provision in MCL 224.21(3) was also unconstitutional.

---

[13] *Id*. at 623-624.

[14] *Id*. at 623.

[15] *Id*. at 626 (BRENNAN, J., dissenting); see *Rowland*, 477 Mich at 207 (quoting *Reich*, 386 Mich at 626 (BRENNAN, J., dissenting).

[16] *Crook v Patterson*, 42 Mich App 241, 241; 201 NW2d 676 (1972).

5

Thereafter, the GTLA was amended to require notice within 120 days, rather than within 60,[17] but the County Road Law was not so amended.[18] Further, with the increased notice period, the Court apparently thought better of a per se rule invalidating notice requirements. This re-evaluation occurred in two steps. In *Carver v McKernan*,[19] the Court examined the Motor Vehicle Accident Claims Act,[20] which required that a claimant provide notice within six months of the accrual of the cause of action. As the fund was exclusively a benefits program provided by the government, the case did not present the same circumstance as in *Reich* of dividing a "natural class" into "subclasses." Nevertheless, *Carver* acknowledged "that statutes which [sic] limit access to the courts by people seeking redress for wrongs are not looked upon with favor by us."[21] While the Court expressed a willingness to "acquiesce in the enforcement of statutes of limitation when we are not persuaded that they unduly restrict such access," the Court made clear that "we look askance at devices such as notice requirements which have the effect of shortening the period of time set forth in such statutes."[22] The Court concluded that a

---

[17] MCL 691.1404, as amended by 1970 PA 155.

[18] MCL 691.1404 was amended by 1970 PA 155 before our decision in *Reich* was issued but after the underlying events of the case. Accordingly, the new 120-day notice provision was inapplicable to the case.

[19] *Carver v McKernan*, 390 Mich 96; 211 NW2d 24 (1973).

[20] MCL 257.1101 *et seq*.

[21] *Carver*, 390 Mich at 99.

[22] *Id*.

notice requirement could be enforced only if the government could show it was prejudiced by a lack of timely notice.[23]

Thereafter, in *Hobbs v Mich State Hwy Dep't*,[24] the Court applied the logic of *Carver* to the GTLA. Applying *Carver*'s willingness to " 'acquiesce in the enforcement of statutes [limiting access to the courts] when we are not persuaded that they unduly restrict such access,' " the Court held that MCL 691.1404(1)'s notice requirement was not necessarily unconstitutional.[25] Consistently with *Carver*, however, the Court said that "actual prejudice to the state due to lack of notice within 120 days is the only legitimate purpose we can posit for this notice provision[.]"[26]

While these cases did not implicate the County Road Law, *Brown* involved a suit against a county in which the county invoked the 60-day notice requirement of MCL 224.21(3). Thus, this Court in *Brown* addressed head on whether the 60-day notice provision under MCL 224.21(3) or the 120-day notice provision under MCL 691.1404(1) applied in cases involving county road commissions.[27] The Court also addressed whether the prejudice requirement in *Hobbs* should be overruled.[28] *Brown* first recognized the competing provisions under the GTLA and the County Road Law, and retreated to an

---

[23] *Id*. at 100.

[24] *Hobbs v Dep't of State Hwys*, 398 Mich 90; 247 NW2d 754 (1976).

[25] *Id*. at 96, quoting *Carver*, 390 Mich at 99.

[26] *Hobbs*, 398 Mich at 96.

[27] *Brown*, 452 Mich at 356.

[28] *Id*.

7

equal-protection analysis similar to that used in *Reich* to find the 60-day notice provision of MCL 224.21(3) unconstitutional. The Court explained that "[b]y providing different notice periods, the legislation divides injured persons into two classes: those injured on a defective road controlled by a county road commission and those injured on a defective road controlled by other governmental agencies."[29] The Court believed that the two provisions treated persons of a similar class differently:

> [A] person injured in a county in which there is no county road commission would be required to file notice of the claim within 120 days, whereas an identical person injured in a county that has a county road commission would be required to provide notice within sixty days to the county road commissioner.[30]

The Court concluded, "[D]espite a presumption of constitutionality, we are unable to perceive a rational basis for the county road commission statute to mandate notice of a claim within sixty days."[31] Therefore, *Brown* held that "the distinct sixty-day notice provision required for claims against a county road commission is unconstitutional."[32] The *Brown* Court also reaffirmed *Hobbs* and the prejudice requirement as it related to the 120-notice required under the GTLA, and it held that the road commission was not prejudiced by the defective notice.[33]

---

[29] *Id*. at 361.

[30] *Id*. at 363.

[31] *Id*.

[32] *Id*. 363-364.

[33] *Id*. at 365-366, 368-369.

8

This Court's trend to view with disfavor statutory governmental-immunity notice provisions stopped with *Rowland*. *Rowland* reverted back to the more traditional analysis employed for more than 100 years before *Grubaugh*, *Reich*, *Carver*, *Hobbs*, and *Brown*; one that provides deference to the Legislature's lawmaking function. The facts in *Rowland* were straightforward. There was no dispute that the plaintiff failed to file her notice with the road commission until 140 days after the accident. The defendant invoked MCL 691.1404(1), and the Court concluded that the notice provision passed constitutional muster. The Court explained:

> We reject the hybrid constitutionality of the sort *Carver*, *Hobbs*, and *Brown* engrafted onto our law. In reading an "actual prejudice" requirement into the statute, this Court not only usurped the Legislature's power but simultaneously made legislative amendment to make what the Legislature wanted—a notice provision with no prejudice requirement—impossible. *Hobbs* and *Brown* are remarkable in the annals of judicial usurpation of legislative power because they not only seized the Legislature's amendment powers, but also made any reversing amendment by the Legislature impossible.[34]

*Rowland* continued even further, overruling entirely, in no uncertain terms, these two decisions: "Nothing can be saved from *Hobbs* and *Brown* because the analysis they employ is deeply flawed," and "we are persuaded that [those cases] were wrongly decided."[35] Notably, when *Rowland* overruled *Brown*, it repudiated both the specific notion that avoiding prejudice to the government was the only rationale for notice requirements, as

---

[34] *Rowland*, 477 Mich at 213-214.

[35] *Id*. at 214-215.

9

well as the general notion that the judiciary may "look askance" at notice statutes.[36] *Rowland* noted that "legislation invariably involves line drawing and social legislation involving line drawing does not violate equal protection guarantees when it has a 'rational basis,' i.e., as long as it is rationally related to a legitimate governmental purpose."[37] The Court upheld the constitutionality of notice requirements without regard to prejudice to the government: "*Hobbs* and *Brown* were wrong because they were built on an argument that governmental immunity notice statutes are unconstitutional or at least sometimes unconstitutional if the government was not prejudiced."[38] *Brown* could not be "rescued by musings to the effect that the justices ' "look askance" ' at devices such as notice requirements[.]"[39] In rejecting the specific notion that avoiding prejudice to the government is the sole rationale for notice requirements, *Rowland* listed many others— "allowing time for creating [cash] reserves . . . , reducing the uncertainty of the extent of future demands, or even . . . forc[ing] the claimant to an early choice regarding how to proceed."[40] *Rowland* also noted that "common sense counsels that inasmuch as the Legislature is not even required to provide a defective highway exception to governmental

---

[36] *Id*. at 210 (quotation marks and citations omitted).

[37] *Id*. at 207 (citation omitted).

[38] *Id*. at 210.

[39] *Id*. (citations omitted).

[40] *Id*. at 212.

10

immunity, it surely has the authority to allow such suits only upon compliance with rational notice limits."[41]

This reasoning completely undermined the entirety of *Brown*'s analysis. Both of *Brown*'s holdings were built upon the specific presumption that the only legitimate rationale for notice requirements was to avoid prejudice to the government, which was an instantiation of *Carver*'s general rule of skepticism toward notice requirements. By repudiating both the specific presumption and the general rule, *Rowland* eliminated both of *Brown*'s holdings.

More specifically, *Brown* acknowledged that MCL 224.21(3)'s 60-day notice requirement only needed to survive rational-basis review, but based on the premise that avoiding prejudice to the government was the notice requirement's only legitimate purpose, held that there was no rational basis to believe counties needed such prompt notice. *Rowland* eliminated this premise—in its place, the Court offered numerous additional interests besides preventing prejudice to find a rational basis for a notice requirement. *Brown* also asserted that there was no legitimate reason to treat claims against county governments differently from claims against other levels of government. But as *Rowland* made clear, notice laws need not prove their own validity. " 'It being optional with the legislature whether it would confer upon persons injured a right of action therefor or leave them remediless, it could attach to the right conferred *any limitations it chose*.' "[42] In short, *Brown*'s equal-protection and prejudice holdings were inextricably intertwined,

---

[41] *Id*.

[42] *Id*., quoting *Moulter v Grand Rapids*, 155 Mich 165, 168-169; 118 NW 919 (1908) (emphasis added).

11

and the reasoning employed by the *Rowland* Court in rejecting *Brown*'s analysis of the potential rational legislative purposes of notice provisions applies with equal force to *Brown*'s analysis of the competing notice provisions of the County Road Law and the GTLA. It follows that *Rowland*'s repudiation of *Brown*'s reasoning dismantled *Brown*'s holding rejecting the shorter notice period for road commission claims as unconstitutional.[43] Both of *Brown*'s holdings are no longer good law, and the Court of Appeals in *Streng* was therefore permitted to apply MCL 224.21.

---

[43] Notably, the bulk of *Brown*'s "rational basis" analysis supported its equal-protection holding, not its prejudice holding. In fact, *Brown*'s analysis of the prejudice issue did not contain an in-depth rational-basis analysis but, instead, relied largely on stare decisis and legislative acquiescence in upholding *Hobbs*. Consequently, in rejecting *Brown*'s rational-basis reasoning, the *Rowland* Court would not have considered its analysis as pertaining only to *Brown*'s prejudice holding. Indeed, there are additional indications in the *Rowland* opinion that the Court understood that it was opining on much more than prejudice. For example, the *Rowland* majority explicitly disagreed with the majority's analysis in *Reich*, which is notable because *Reich* was an equal-protection decision in which the majority concluded that the 60-day notice provision "clearly violates the equal protection guarantees of our state and Federal Constitutions." *Reich*, 386 Mich at 623. *Reich* did not refer to a prejudice requirement because that concept was developed years later in our caselaw. Yet the *Rowland* majority called *Reich*'s equal-protection analysis "simply incorrect," elaborating that "[p]rivate and public tortfeasors can be treated differently in the fashion they have been treated here by the Legislature. It does not offend the constitution to do so because with economic or social regulation legislation, such as this statute, there can be distinctions made between classes of persons if there is a rational basis to do so." *Rowland*, 477 Mich at 207. *Rowland* then proceeded to quote Justice BRENNAN's dissent in *Reich*, which the *Rowland* majority described as "pithily" pointing out the problems with the *Reich* majority's analysis. *Id.*, citing *Reich*, 386 Mich at 626 (BRENNAN, J., dissenting). If *Rowland* intended to address only *Brown*'s prejudice requirement, it need not have explicitly rejected the Court's equal-protection reasoning in *Reich*. Moreover, footnote 9 of the *Rowland* opinion notes that the "vast majority of jurisdictions that have considered such a constitutional challenge [have] concluded that notice-of-claim and statute-of-limitations rules placed on persons bringing tort actions against governmental entities are rationally related to reasonable legislative purposes *and thus do not violate equal protection*." *Rowland*, 477 Mich at 213 n 9 (emphasis added). The *Rowland* Court then explicitly "agree[d] with the majority rule." *Id*. At the very least, these statements suggest

The majority notes that *Rowland* discussed only the GTLA without mentioning the County Road Law. But this is not surprising because MCL 691.1404(1) was the only statute the defendant invoked, and while that defendant would apparently have also been *eligible* to rely upon the County Road Law, defendant did not do so. Defendant's litigation strategies are not a legitimate basis to cabin our *Rowland* holding to say less than it did. The *reasoning* of *Rowland*—its repudiation of *Carver*'s skepticism toward notice laws— is equally applicable to *Brown*'s treatment of the County Road Law and the GTLA. It is not appropriate to write off *Rowland*'s repudiation of *Carver*'s skepticism toward notice requirements as mere obiter dictum—it is, rather, the essence of our *Rowland* opinion, which said the *Carver* principle "ha[d] no claim to being defensible constitutional theory," was "entirely indefensible," and "usurped the Legislature's power . . . ."[44] The majority also notes that *Rowland* cited with approval Justice RILEY's partial dissent in *Brown* and observes that Justice RILEY concurred as to the portion of *Brown* that held that MCL 224.21(3) is unconstitutional. But the fact that there was language from her partial dissent that the *Rowland* majority thought was well-put does not mean it adopted her position in toto.[45]

---

that the *Rowland* majority did not view its analysis as speaking only to the prejudice requirement.

[44] *Id*. at 210, 211, 213.

[45] Although not dispositive, I also find it telling how novel the majority's conclusions are to the other jurists who are implicated in this proceeding. Including *Streng* and the instant cases, eight Court of Appeals judges on three different panels have reviewed these issues and none of them concluded that *Rowland* had not overruled *Brown*—including the judge who argued that *Streng* was wrongly decided. See *Brugger v Midland Co Bd of Rd Comm'rs*, 324 Mich App 307, 318-321; 920 NW2d 388 (2019) (SHAPIRO, P.J., concurring)

In sum, within the four corners of *Rowland*, this Court said in no uncertain terms that "[n]othing can be saved from *Hobbs* and *Brown* because the analysis they employ is deeply flawed."[46] This expressly communicated that *Brown* had been totally eradicated above and beyond its consequences for the GTLA. The majority erroneously writes this off as mere obiter dictum. But *Brown*'s holding as to the validity of MCL 224.21(3) was bound up with *Carver*'s requirement that special justifications must be provided to enforce notice requirements. *Rowland* repudiated *Brown* and *Carver*, holding that notice requirements are to be enforced as written, a holding that applies to the entirety of *Brown*. The current state of our caselaw is clear and provides no basis to overrule *Streng*. For these reasons, I dissent.

Brian K. Zahra

WELCH, J., did not participate in the disposition of these cases because the Court considered them before she assumed office.

---

(arguing that under *Apsey v Mem Hosp*, 477 Mich 120; 730 NW2d 695 (2007), the plaintiffs should have had the option of proceeding under either MCL 691.1404(1) *or* MCL 224.21(3)). Indeed, even one of the plaintiffs here, the estate of Brendon Pearce, in this Court forthrightly concedes that *Streng* was rightly decided—a concession that has contained within it an acknowledgment that *Rowland* overruled *Brown*.

[46] *Rowland*, 477 Mich at 214.